Date signed April 25, 2013



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| VINCENT L. ABELL | : | Case No. 13-13847-PM |
| | : | Chapter 11 |
| Debtor | : | |
| MARIA-THERESA WILSON | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| VINCENT L. ABELL | : | |
| Respondent | : | |

## MEMORANDUM OF DECISION

This case is before the court on the Motion of Maria-Theresa Wilson ("Movant") for relief from the stay of 11 U.S.C. § 362(a) to continue her post-judgment discovery efforts to identify property from which she, and now all other creditors, can collect the balance of her $2,140,000.00 judgment against Debtor re-entered by the Superior Court for the District of Columbia on November 22. 2011, in Civil Action 04-7270.[1]  Movant's prolonged efforts to seek information to enable her to satisfy the judgment are set forth in Findings of Fact and Order of

---

[1] The claim of Movant is described in a District of Columbia Court of Appeals decision, *Modern Management Co. v. Wilson*, 997 A.2d 37 (D.C. 2010).  The Court of Appeals affirmed the trial court's judgment but remanded it to reduce the treble damage compensatory award of $180,000.00 by $40,000.00 on account of a $40,000.00 settlement with a settling co-defendant. There is also an unpublished opinion dated January 29, 2013, affirming the order of the trial court in favor of Movant.

Contempt Against Defendant Vincent L. Abell issued March 1, 2013, by Judge Cheryl M. Long of the Superior Court, which appears in the record as Attachment D to the Motion (the "Contempt Order").  The Contempt Order found Debtor in contempt and set a deadline of March 29, 2013, by which he must provide complete and sworn answers to all outstanding interrogatories, as well as all missing responsive documents.  The Contempt Order further provided that Movant could file a motion to execute the sanction of incarceration should Debtor fail to comply with the Order. Judge Long instructed Debtor that in the event Movant filed such a motion, a hearing would not be required and that the Court could issue an arrest warrant based upon unopposed verified proffers from Movant in the motion.

A bare-bones petition initiating this bankruptcy case under Chapter 11 was filed on March 5, 2013. Debtor disclaims any relationship between the timing of the bankruptcy filing and the Contempt Order. Instead, Debtor states that he filed this case because of the overwhelming combination of responding to discovery in pending state court litigation and his property management affairs. He further suggests that Judge Long's Contempt Order was unjust because of numerous factors including a dishonest and incompetent bookkeeper he once employed, the trashing of his files by the FBI, and his inability to pay his accountants to prepare information responsive to discovery requests. The court will not repeat the dreary litany set out by Judge Long of her view of Debtor's studied failure to comply with his discovery obligations. The court has no doubt that all of Debtor's excuses were considered by Judge Long.

Relying on the case of *Forsberg v. Pefanis*, 2010 WL 2331465 (N.D. Ga. 2010), Movant argues that the stay of §362(a) does not apply to Judge Long's Contempt Order.  In *Forsberg,* the court stated:

> The automatic stay of § 362(a) applies unless one of the exceptions in §362(b) is relevant. Civil contempt is not listed in the §362(b) exceptions. For this reason, some courts have held that civil contempt proceedings are never excepted from the automatic stay. *See, e.g., Atkins v. Martinez*, 176 B.R. 998, 1006 (Bankr. D. Minn.1994).
>
> The majority of courts, however, have considered whether the civil contempt proceeding is one intended to effectuate collection of a judgment or one which is intended to uphold the dignity of the court. If it is to uphold the court's dignity, the civil contempt order is outside the scope of the bankruptcy stay. *See, e.g., Kukui Gardens Corp. v. Holco Capital Group, Inc.*, 675 F.Supp.2d 1016, 1027 (D. Haw. 2009); *In re Lowery*, 292 B.R. 645 (Bankr.E.D.Mo.2003); *Stovall v. Stovall*, 126 B.R. 814, 815 (N.D.Ga.1990) (Murphy, J.) (holding that contempt intended to uphold dignity of court not stayed by bankruptcy filing even where

contempt judgment is payable to opposing party). *See also U.S. Sprint Communications Co. v. Buscher*, 89 B.R. 154, 156 (D.Kan.1988) ( "[i]t is within [a] court's inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders. The court cannot conceive that Congress intended to strip the court of this power, and instead permit a party to blatantly violate direct orders of the court and then seek shelter from a bankruptcy judge."). *But see In re Wiley*, 315 B.R. 682 (Bankr.E.D.La.2004) (finding contempt order issued against debtor by state court ordering him to appear for deposition violated automatic stay).

In considering the totality of the circumstances here, the court finds that its civil contempt order is designed to uphold the dignity of the court and not to effectuate collection of a judgment. The court has repeatedly discussed the manner in which Defendant Pefanis has flouted the judicial system and ignored his obligations. Other Defendants in this case share this tendency. Responding to the Rule 69 post-judgment discovery requests does not require the transfer of any money from Defendant Pefanis to Plaintiff to satisfy all or a portion of any judgment that has been rendered against Defendant in favor of Plaintiff. Rather, compliance with the court's order simply requires the production of certain documents and information, materials the court has directed to be produced since at the very latest December 2009, almost 6 months ago and prior to Defendant Pefanis' filing of a petition for bankruptcy. The court is aware that the discovery ordered to be produced could eventually lead to the collection of a judgment, but at this point in the litigation, the court finds that securing Defendant Pefanis' compliance with the court's orders is clearly about the dignity of the court and therefore outside the scope of the automatic stay.

*See also, Capital Source Finance, LLC v. Delco Oil, Inc.*, 520 F.Supp.2d 684, 687 (D. Md. 2007); *N.L.R.B. v. Sawulski*, 158 B.R. 971, 975 (E.D. Mich. 1993) ("Only contempt orders to uphold the dignity of the court are excepted from the automatic stay.").

The court finds that the purpose of the Contempt Order is to coerce Debtor to comply with the Superior Court's previous orders rather than to uphold the dignity of that Court, and that enforcement of the Order is subject to the stay of 11 U.S.C. § 362(a). That being the case, the court notes that the discovery sought to be enforced by Movant is likewise obtainable through a Bankruptcy Rule 2004 examination. The issue then becomes a question of which court oversees Abell's compliance with discovery requirements, that is, the Superior Court or the Bankruptcy Court. The answer is obvious. Judge Long has a five-year history of dealing with the issues presented. It is patently ridiculous to make the parties go back to square one of the post-judgment discovery process in the Bankruptcy Court and propound the identical discovery requests and continue the drill heretofore played out in the Superior Court. Compliance with the terms of Judge Long's Contempt Order does not require the transfer of any money, although

such discovery ultimately could lead to partial satisfaction of general unsecured claims scheduled by Debtor aggregating $4,095,812.17 and priority claims aggregating $278,404.91.

Movant also seeks relief from the stay to proceed in two pending cases where Debtor appears as a nominal party.  These cases have been identified as *David N. Prensky, Substitute Trustee v. Helen P. McNeil-Wayne, et al.*, Civil No. 2011-004076, in the Superior Court of the District of Columbia, and *George R. Hughes v. Vincent L. Abell*, et al., Civil Action No. 09-220, in the United States District Court for the District of Columbia.  Here again, as to Debtor, information only is being sought, although Movant seeks the consummation of litigation against non-debtor parties. Debtor has offered no basis to extend the stay as to third parties that may be associated with him.

In his defense of the Motion, Debtor asserts that its purpose is to harass him and gain an advantage over other creditors.  There is nothing in the record to support this claim.  Whatever information obtained by the discovery would be shared with the Creditors' Committee.  Debtor asserts that this Chapter 11 proceeding will maximize distribution that is fair and equitable to all creditors, and it will bring all claims into a single forum for purposes of allowance and distribution.  That is undeniable, but contrary to his assertion, the stay relief requested will not result in payment to Movant to the detriment of other creditors, or otherwise derogate from the inquiries in which the Creditors' Committee undoubtedly may engage.  Debtor complains of the threat of incarceration, but that would only occur should he fail to deliver the long sought for discovery.  He truly has the key to the jail door in his pocket.

The court will issue a separate order modifying the stay in accordance with the foregoing.

**END OF MEMORANDUM OF DECISION**

cc:     Debtor
        Debtor's Counsel
        Maria-Theresa Wilson, c/o Randell C. Ogg, Esq.
        Creditors' Committee Chair, c/o Michael Gregg Morin, Esq.