

PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| **VINCENT L. ABELL,** | * | Case No. 13-13847-PM |
| | | (Chapter 11) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER (I) AUTHORIZING THE SALE OF CERTAIN REAL PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (II) GRANTING RELATED RELIEF

Upon consideration of the Motion (the "Sale Motion") filed by the Trustee, for Orders: (A)(i) approving the Bidding Procedures[1]; (ii) approving the Purchase Agreement; (iii) scheduling the Sale Hearing and setting an objection deadline with respect to the Sale; (iv) approving the Sale Notice; and (v) granting related relief; and (B)(i) authorizing the Sale of the Properties free and clear of all liens, claims, encumbrances, and Interests pursuant to the Purchase Agreements; and (ii) granting related relief, the Court having conducted a hearing on the relief requested in the Sale Order on March 24, 2014, at which all interested parties had the opportunity to be heard with respect to the relief requested in the Sale Order, and the Trustee

---

[1] To the extent this Order uses capitalized terms not defined herein, those terms shall have the meanings set forth in the Sale Motion.

presented evidence and parties-in-interest presented argument, after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A. This Court has jurisdiction over the Sale Motion, the transaction contemplated by the Purchase Agreement, and any ancillary documents and agreements related thereto, pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for the above-captioned bankruptcy case and the Sale Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Sale Motion are §§ 105(a) and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, and 9014 and Local Bankruptcy Rules 2002-1 and 6004-1.

C. The Sale Motion seeks approval of the proposed sale (the "Sale") of certain real properties to the Successful Bidders or Backup Bidders selected by the Trustee pursuant to certain procedures (the "Bidding Procedures") previously approved by the Court in the Bidding Procedures Order [Dkt. No. 414]. A chart outlining the Successful Bidder and Backup Bidder for each of the Properties subject to this Order and information related thereto is attached hereto as *Appendix A to Sale Order*.

D. The Trustee has: (i) properly and appropriately exercised his sound business judgment in determining that the Sale of the Properties to the Successful Bidders and Backup Bidders, under the terms of the Purchase Agreements, the form of which was previously approved by the Court in the Bidding Procedures Order, is in the best interest of the Debtor's estate, creditors, and other parties in interest; and (ii) demonstrated good and sufficient business

justification for the sale of the Properties under §§ 363(b), (f), (h), and (m) of the Bankruptcy Code, free and clear of all Interests (as hereinafter defined).

E.  The sale of the Properties to the Successful Bidders or Backup Bidders, pursuant to the Purchase Agreements, will provide the highest and otherwise best value for the Properties, and is in the best Interests of the Debtor's estate, creditors, and other party in interest in that: (i) the respective Purchase Agreements were proposed and entered into without collusion, in good faith and from arm's length bargaining positions by and between the Trustee and the Successful Bidders and Backup Bidders and (ii) the Successful Bidders and/or Backup Bidders are third-parties unrelated to the Debtor and persons connected to the Debtor or Trustee.

F.  As evidenced by the certificates of service previously filed with this Court: (i) proper, timely, adequate, and sufficient notice of the Sale Motion and the Sale Hearing has been given in accordance with §§ 102(1) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9014; (ii) such notice constitutes good and sufficient notice of the Sale Motion and the Sale Hearing, and was good, sufficient, and appropriate notice under the circumstances; and (iii) no other or further notice of the Sale Motion or the Sale Hearing is or shall be required.

G.  A reasonable opportunity to object or be heard regarding the Sale Motion, the Bidding Procedures, the Sale Hearing, and the Sale of the Property has been afforded to all interested parties in accordance §§ 102(1) and 363 of the Bankruptcy Code and with Bankruptcy Rules 2002, 6004, 6006, and 9014.

H.  The Trustee may sell all of the Debtor's right, title, and interest in the Properties to the applicable Successful Bidders and/or Backup Bidders free and clear of all liens, claims,

encumbrances, or other interests (the "Interests") because one or more of the standards set forth in § 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

I. With respect to the 613 Gresham Property, the Sale to the Successful Bidder and/or Backup Bidder may be made subject only to the consent of the co-tenant of such property (upon obtaining such consent the Trustee shall file a Line with the Court so noting the consent), or subject to further order of the Court.

J. Upon consummation of the Sale at Closing pursuant to the terms of the Purchase Agreements, the transfer of the Properties shall constitute a legal, valid, and effective transfer to the Successful Bidders, and shall vest in the Successful Bidders (or Backup Bidders if so required) all the right, title, and interest of the Debtor and the bankruptcy estate in and to the Properties.

K. The Successful Bidders and/or Qualified Bidders have not engaged in any conduct that could prevent the application of § 363(m) of the Bankruptcy Code to the Sale or Purchase Agreement, or cause or permit the Sale to be avoided under § 363(n) of the Bankruptcy Code. Consequently, the Successful Bidders and Backup Bidders are good faith purchasers under § 363(m) of the Bankruptcy Code, and are entitled to the protections afforded thereby.

L. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable to this contested matter pursuant to Bankruptcy Rule 9014. To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The Sale Motion is hereby granted in all respects pursuant to the terms of this Sale Order and all objections, if any, to the Sale Motion or the relief requested therein that have not been withdrawn, waived, settled, or resolved, as stated on the record or herein, and all reservations of rights included therein, are hereby overruled and denied on the merits with prejudice.  The objections of (a) Ocwen Loan Servicing, LLC ("Ocwen") (as servicer for Bank of New York Mellon Trust Company, National Association, U.S. Bank National Association, and Bank of America, National Association), (b) Branch Banking and Trust Company ("BBT") and (c) Capital Bank, N.A. ("Capital") are resolved as stated on the record at the Sale Hearing and as summarized in *Appendix B* attached hereto, and are incorporated herein by reference.  The Agreements stated on the record at the Sale Hearing as between the Trustee and EagleBank and the Trustee and Wells Fargo are likewise summarized in *Appendix B* and incorporated herein by reference.  Ocwen, BBT, Capital, EagleBank, and Wells Fargo are hereafter referred to as the "Resolved Lenders." The objections of James Estenn Abell, M.D. Asset Lending Corporation, Mt. Zion Village Partnership and the Debtor are hereby overruled in their entirety.

2.     The Sale Motion is denied without prejudice as to the property located at 4428 New Hampshire Avenue.  The objection to the Sale Motion of Reverse Mortgage Solutions is granted in part and the Trustee may not, pursuant to this Order, sell the property known as 4428 New Hampshire Avenue, with the ultimate resolution of that property and the litigation between the Trustee and Reverse Mortgage Solutions being subject to further order(s) of the Court.

3.     The Sale of the Properties to the respective Successful Bidders and/or Backup Bidders as identified on *Appendix A hereto*, upon Closing in accordance with the Purchase Agreements, is hereby approved pursuant to §§ 105 and 363 of the Bankruptcy Code. The Trustee is hereby authorized to sell the Properties to the respective Successful Bidders and/or

Backup Bidders on the terms and subject to the conditions set forth in the Purchase Agreements, which are hereby approved. The Trustee is hereby authorized to take all actions, and execute and deliver all documents and instruments that may be reasonably necessary or appropriate to implement and effectuate the transactions contemplated by the Purchase Agreements and this Sale Order.

4. This Sale Order and the Purchase Agreement shall be binding in all respects upon the Successful Bidders and/or Backup Bidders, the Trustee, all creditors of the Debtor (known or unknown), and all interested parties, including, but not limited to, any party asserting Interests, and upon the successors and assigns of any of the foregoing.

5. To the extent that any provision of this Sale Order is inconsistent with the terms of the Purchase Agreements, the terms of this Sale Order shall control. The failure to specifically include or refer to any particular provision of the Purchase Agreements in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreements be approved in their entirety.

6. The Purchase Agreements and any related agreement, document or other instrument may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of this Court; provided that any such modification, amendment, or supplement is not material and has the approval of the parties to the Sale.

7. The Trustee shall hold the aggregate net proceeds paid for the Properties by the Successful Bidders and/or Backup Bidders in his approved Trustee's bank account (the "Proceeds") subject to the terms of this Sale Order and further order of the Court.

8. Except as expressly provided in the Purchase Agreements, the Properties shall be transferred to the respective Successful Bidders and/or Backup Bidders upon Closing free and

clear of all Interests pursuant to § 363(f) of the Bankruptcy Code, with all such Interests to attach to the net sale Proceeds with the same validity, priority, extent, and effect that such Interests had immediately prior to Closing, subject to all rights, claims, defenses, and objections of the Trustee, the Debtor, the Debtor's bankruptcy estate, its creditors, and all interested parties with respect to such Interests.

9.  Except as expressly provided in the Purchase Agreements, (i) the Successful Bidders and/or Backup Bidders shall not be liable for any Interests against the Debtor, and (ii) the transfer of the Properties by the Trustee does not and shall not subject the Successful Bidders and/or Backup Bidders to any liability as successors to the Debtor.

10.  For the express benefit of the Successful Bidders and/or Backup Bidders, the sole and exclusive remedy available to any person or entity asserting Interests against the Properties (other than as expressly set forth in the Purchase Agreements) shall be a right to assert in this Court any Interests against the Proceeds of the Properties, and the holders of any such Interests are hereby barred from asserting such Interests against the Successful Bidders and/or Backup Bidders, their successors and assigns, or the Properties.

11.  The Successful Bidders and/or Backup Bidders entered into the Purchase Agreements without collusion and in good faith as that term is used in § 363(m) of the Bankruptcy Code. The purchase prices provided for under the Purchase Agreements are fair and reasonable. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Properties shall not affect the validity of such Sales to the Successful Bidders and/or Backup Bidders, unless such authorization is duly stayed prior to Closing pending such appeal. The Successful Bidders and/or Backup Bidders are purchasers in

good faith entitled to all of the protections afforded by § 363(m) of the Bankruptcy Code and the Sale may not be avoided under § 363(n) of the Bankruptcy Code.

12. In accordance with this Sale Order and pursuant to the Purchase Agreements, the Trustee may consummate the sale of the Properties to the Successful Bidders and/or Backup Bidders through execution of deeds at Closing and such deeds along with this Sale Order shall be sufficient evidence of the transfer of title to the Successful Bidder and/or Backup Bidder free and clear of all Interests pursuant to § 363(f) of the Bankruptcy Code.  ~~The Sales consummated by the Trustee pursuant to this Sale Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, or duties of office or contract to accept, file, register or otherwise record or release any documents or instruments or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Sale Order; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreements~~.

13. Upon payment of the purchase price by the Successful Bidders and/or Backup Bidders, the Trustee is authorized to pay from the purchase price (i) the commission payable to the Consultants, the Court-approved broker for the sale of the Properties, in accordance with the Order Granting Chapter 11 Trustee's Application to Employ A & G Realty Partners, LLC and Long & Foster as Real Estate Consultants and Advisors for Chapter 11 Trustee [Dkt. No. 318], (ii) the amounts agreed to be paid to the Trustee by certain of the Resolved Lenders in

connection with § 506(c) for the Trustee's efforts in liquidating the Properties as stated upon the record by agreement between the Trustee and such lenders at the Sale Hearing and summarized in *Appendix B* attached hereto, (iii) payment of any current or past due real estate taxes and other related charges to the appropriate state authority as required by applicable non-bankruptcy law and not contrary to the Purchase Agreements, and (iv) the valid amounts due and owing to the Resolved Lenders as stated on the record at the Sale Hearing and agreed to by the Trustee.

14. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Purchase Agreements and this Sale Order in all respects and to hear and determine any and all related disputes; provided however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction, or is without jurisdiction with respect to either the Properties or this Sale Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

15. The Sale of the 1825 Kilbourne Place Property is sold free and clear of all Interests, including the one-half interest therein held by the co-tenant in common owner of the Property, William McFadden, Jr., pursuant to his consent provided to the Court.

16. The Sale of the 613 Gresham Place Property to the Successful Bidder and/or Backup Bidder thereof is hereby approved pursuant to §§ 105 and 363 of the Bankruptcy Code, subject to the Trustee obtaining the consent of the co-tenant of such property (upon obtaining such consent the Trustee shall file a Line with the Court so noting the consent), or subject to further order of the Court. Such sale, after consent or further order of the Court shall otherwise be in accordance with this Order and free and clear of all Interests and the co-tenancy (upon consent).

17. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Sale Order shall be effective immediately upon its entry.

cc:   Richard M. Goldberg, Esq.
      Anastasia L. McCusker, Esq.
      Shapiro Sher Guinot & Sandler
      36 S. Charles St., 20th Fl.
      Baltimore, MD  21201

      Philip James McNutt, Esq.
      Hughes & Bentzen, PLLC
      1100 Connecticut Avenue, N.W., Ste. 340
      Washington, DC 20036

      Randell C. Ogg, Esq.
      1150 Connecticut Ave., NW, 9th Fl.
      Washington, DC  20036

      Michael Gregg Morin, Esq.
      PO Box 778
      Severn, MD  21144-0778

      Jeanne M. Crouse, Esq.
      Office of the United States Trustee
      6305 Ivy Lane, Ste. 600
      Greenbelt, MD 20770

      Roger Schlossberg, Trustee
      134 W. Washington Street
      P.O. Box 4227
      Hagerstown, MD 21741

**-END OF ORDER-**

# ***APPENDIX A TO SALE ORDER***

**APPENDIX A**

## RESULTS OF MARCH 20, 2014 AUCTION BY SUCCESSFUL BIDDER

| Property Address | Successful Bidder | Successful Bid ($) | Backup Bidder | Backup Bid ($) |
|---|---|---|---|---|
| 636 14th Pl., NE, Washington, DC 20002 | AAAS Holdings, LLC | $ 372,000 | Ocean Holdings LLC | $ 371,000 |
| 443 S St., NW, Washington, DC 20001 | AAAS Holdings, LLC | $ 411,000 | Ocean Holdings LLC | $ 410,000 |
| 866 Bellevue Circle, SE, Washington, DC 20032 | Bank of New York Mellon Trust Company, N.A. (Credit Bid) | $ 80,000 | Seven Brick Road, LLC | $ 76,000 |
| 1925 Valley Ter., SE, Washington, DC 20032 | Bank of New York Mellon Trust Company, N.A. (Credit Bid) | $ 205,000 | Seven Brick Road, LLC | $ 110,000 |
| 1635 Varnum Pl., NE, Washington, DC 20017 | Federated Real Estate Holdings | $ 253,000 | Seven Brick Road, LLC | $ 150,000 |
| 5312 James Pl., NE, Washington, DC 20019 | Federated Real Estate Holdings | $ 75,000 | Seven Brick Road, LLC | $ 25,000 |
| 6034 Eastern Ave., NE, Washington, DC 20010 | Federated Real Estate Holdings | $ 160,000 | Seven Brick Road, LLC | $ 50,000 |
| 217 20th St., NE, Washington, DC 20002 | JBN Realty Investment Inc. | $ 350,000 | Seven Brick Road, LLC | $ 345,000 |
| 1825 Kilbourne Pl., NW, Washington, DC 20010 | Lewis, Christopher & Trowbridge, Leann M. | $ 680,000 | AAAS Holdings, LLC | $ 670,000 |
| 1118 50th St., NE, Washington, DC 20019 | Ocean Holdings LLC | $ 67,000 | Federated Real Estate Holdings | $ 57,000 |
| 1258 Penn St., NE, Washington, DC 20002 | Ocean Holdings LLC | $ 276,000 | Seven Brick Road, LLC | $ 275,000 |
| 1516 Trinidad Ave., NE, Washington, DC 20002 | Ocean Holdings LLC | $ 317,000 | AAAS Holdings, LLC | $ 316,000 |
| 1776 Lyman Pl., NE, Washington, DC 20002 | Ocean Holdings LLC | $ 218,000 | Dilan Investment LLC | $ 217,000 |
| 1732 Taylor St., NW, Washington, DC 20011 | Ocean Holdings LLC | $ 662,000 | Dilan Investment LLC | $ 661,000 |
| 10603 Riva Place, White Plains, MD 20695 (Charles County) | Ocean Holdings LLC | $ 85,000 | Seven Brick Road, LLC | $ 80,000 |

| Property | Winning Bidder | Winning Bid | Backup Bidder | Backup Bid |
|---|---|---|---|---|
| 10802 Old Annapolis Road, Frederick, MD 21701 (Frederick County) | Ocean Holdings LLC | $ 125,000 | Seven Brick Road, LLC | $ 120,000 |
| 3402 Shepherd St., Mount Rainier, MD 20712 (Prince George's County) | Ocean Holdings LLC | $ 105,000 | Dumbarton Investments | $ 100,000 |
| 1304 S Street, SE, Washington, DC 20020 | Ocean Holdings LLC | $ 105,000 | U.S. Bank, N.A. (Credit Bid) | $ 104,000 |
| 3430 23rd St., SE, Washington, DC 20020 | Q SHANN Properties, LLC | $ 100,000 | Capital Bank, N.A. (Credit Bid) | $ 99,000 |
| 1213 Staples St., NE, Washington, DC 20002 | Seven Brick Road, LLC | $ 341,000 | AAAS Holdings, LLC | $ 340,000 |
| 164 Uhland Terr, NE, Washington, DC 20002 | Seven Brick Road, LLC | $ 330,000 | WSD Capital, LLC | $ 325,000 |
| 1360 Taylor St., NW, Washington, DC 20011 | Seven Brick Road, LLC | $ 610,000 | Ocean Holdings LLC | $ 560,000 |
| 1401 South Carolina Ave., SE, Washington, DC 20003 CHURCH | Seven Brick Road, LLC | $ 305,000 | Federated Real Estate Holdings | $ 300,000 |
| 1261 Owen Pl, NE, Washington, DC 20002 | WSD Capital, LLC | $ 305,000 | Ocean Holdings LLC | $ 301,000 |
| 4021 Marlboro Pl., NW, Washington, DC 20011 | WSD Capital, LLC | $ 420,000 | Ocean Holdings LLC | $ 405,000 |
| 613 Gresham Pl., NW, Washington, DC 20001 | WSD Capital, LLC | $ 325,000 | Seven Brick Road, LLC | $ 321,000 |
| 920 Delafield Pl., NW, Washington, DC 20011 | WSD Capital, LLC | $ 330,000 | Seven Brick Road, LLC | $ 326,000 |
| | TOTAL: | $ 7,612,000 | TOTAL: | $ 7,114,000 |

# *APPENDIX B TO SALE ORDER*
## *Summary of Resolutions Stated on the Record at the Sale Hearing*

| Lienholder | Summary of Agreement/Settlement with the Trustee as stated on the Record at the Sale Hearing | Property or Properties Subject to Agreement/Settlement |
|---|---|---|
| Capital Bank, N.A. | a. At Closing, a commission of 6% of the gross proceeds for the sale of each property subject to the agreement shall be paid to the Trustee's real estate consultants (A&G Realty Partners, LLC and Long and Foster Real Estate, Inc.) per the terms of the Trustee's agreement with such consultants.<br>b. At Closing, a 10% share of the gross proceeds for each property subject to the agreement shall be paid to the Trustee as a carve out for the benefit of the bankruptcy estate.<br>c. At Closing and after the deduction of the above-described amounts (as well as any real estate or related taxes due and owing and required to be paid from gross proceeds as part of the sale pursuant to the Purchase Agreement or applicable non-bankruptcy law), the Trustee shall pay all net proceeds to Capital Bank in connection with its first priority and duly perfected liens. | 1. 1258 Penn St., NE, Washington, DC 20002<br>2. 3430 23rd St., SE, Washington, DC 20020<br>3. 920 Delafield Pl., NW, Washington, DC 20011 |
| Branch Banking and Trust Company ("BBT") | a. At Closing, a commission of 6% of the gross proceeds for the sale of each property subject to the agreement shall be paid to the Trustee's real estate consultants (A&G Realty Partners, LLC and Long and Foster Real Estate, Inc.) per the terms of the Trustee's agreement with such consultants.<br>b. At Closing, a 10% share of the gross proceeds for each property subject to the agreement shall be paid to the | 1. 636 14th Pl., NE, Washington, DC 20002<br>2. 1213 Staples St., NE, Washington, DC 20002 |

12

| | | |
|---|---|---|
| | Trustee as a carve out for the benefit of the bankruptcy estate, which shall be applied to and paid from BBT's debt amount.<br>c. At Closing and after the deduction of the above-described amounts (as well as any real estate or related taxes due and owing and required to be paid from gross proceeds as part of the sale pursuant to the Purchase Agreement or applicable non-bankruptcy law), the Trustee shall pay the debt due and owing to BBT in connection with its first priority and duly perfected liens. | |
| Ocwen Loan Servicing, LLC ("Ocwen") as servicer for the Bank of New York Mellon Trust Company; Bank of America National Association; and U.S. National Bank | a. At Closing, a commission of 6% of the gross proceeds for the sale of each property subject to the agreement shall be paid to the Trustee's real estate consultants (A&G Realty Partners, LLC and Long and Foster Real Estate, Inc.) per the terms of the Trustee's agreement with such consultants.<br>b. At Closing and after the deduction of the above-described amount (as well as any real estate or related taxes due and owing and required to be paid from gross proceeds as part of the sale pursuant to the Purchase Agreement or applicable non-bankruptcy law), the Trustee shall pay the debt amount due and owing to Ocwen in connection with its first priority and duly perfected liens without prejudice to the Trustee's right to seek payment pursuant to Section 506(c) or other section of the Bankruptcy Code, charging Ocwen's collateral.<br>c. The Trustee reserves all rights with respect to his ability to seek and recover compensation directly from Ocwen pursuant to Section 506(c) or other section of the Bankruptcy Code. | 1. 866 Bellevue Circle, SE, Washington, DC 20032<br>2. 1925 Valley Ter., SE, Washington, DC 20032<br>3. 217 20th St., NE, Washington, DC 20002<br>4. 1516 Trinidad Ave., NE, Washington, DC 20002<br>5. 1732 Taylor St., NW, Washington, DC 20011<br>6. 3402 Shepherd St., Mount Rainier, MD 20712 (Prince George's County)<br>7. 164 Uhland Terr, NE, Washington, DC 20002<br>8. 4021 Marlboro Pl., NW, Washington, DC 20011 |

13

| | | |
|---|---|---|
| | | 9. 3430 23rd St., SE, Washington, DC 20020 |
| EagleBank | a. At Closing, a commission of 6% of the gross proceeds for the sale of the property subject to the agreement shall be paid to the Trustee's real estate consultants (A&G Realty Partners, LLC and Long and Foster Real Estate, Inc.) per the terms of the Trustee's agreement with such consultants.[2]<br>d. At Closing, a 10% share of the gross proceeds of the Debtor's one-half interest in the property subject to the agreement shall be paid to the Trustee as a carve out for the benefit of the bankruptcy estate, which shall be applied to and paid from EagleBank's debt amount.<br>b. .<br>c. At Closing and after the deduction of the above-described amounts (as well as amounts to be paid any real estate or related taxes due and owing and required to be paid from gross proceeds as part of the sale pursuant to the Purchase Agreement or applicable non-bankruptcy law), the Trustee shall pay the debt amount due and owing to EagleBank in connection with its first priority and duly perfected lien. Such amount shall be paid from the proceeds of the sale of the Debtor's one-half interest. | 1. 1825 Kilbourne Pl., NW, Washington, DC 20010 |
| Wells Fargo Bank, N.A. | a. At Closing, a commission of 6% of the gross proceeds for the sale of the property subject to the agreement shall be paid to the Trustee's real estate consultants (A&G Realty Partners, LLC and Long and Foster Real Estate, Inc.) per the terms of the | 1. 1118 50th St., NE, Washington, DC 20019 |

---

[2] The one-half interest co-owner of the Kilbourne Property, William McFadden Jr. has also agreed to such payment pursuant to the Consent Response filed with the Bankruptcy Court on March 25, 2014 [Dkt. No. 470], and the proceeds allocable to such one-half interest may be distributed to William McFadden Jr. at Closing.

14

|  | Trustee's agreement with such consultants.<br>b. At Closing, $2,500 of the gross proceeds shall be paid to the Trustee as a carve out for the benefit of the bankruptcy estate.<br>c. At Closing and after the deduction of the above-described amounts (as well as amounts to be paid any real estate or related taxes due and owing and required to be paid from gross proceeds as part of the sale pursuant to the Purchase Agreement or applicable non-bankruptcy law), the Trustee shall pay all net proceeds to Wells Fargo in connection with its first priority and duly perfected lien. |  |