**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

In re:                                    *

**VINCENT L. ABELL,**            *        Case No.  13-13847-TJC
                                                       (Chapter 11)

                    Debtor.        *

*     *     *     *     *     *     *     *     *     *     *     *     *

**MOTION OF CHAPTER 11 TRUSTEE FOR ORDERS (A)(I) APPROVING BIDDING
PROCEDURES FOR THE SALE OF PROPERTIES, (II) APPROVING FORM OF
PURCHASE AGREEMENTS, (III) SCHEDULING HEARING TO CONSIDER SALE OF
THE PROPERTIES, (IV) APPROVING FORM AND MANNER OF NOTICE OF SALE,
AND (V) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF
THE PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
INTERESTS, AND (II) GRANTING RELATED RELIEF**

## TABLE OF CONTENTS

PROPOSED TIMELINE ........................................................................................5

HIGHLIGHTED PROVISIONS PURSUANT TO LOCAL BANKRUPTCY RULE
6004-1(b) and (c) ...........................................................................................6

JURISDICTION ................................................................................................8

FACTUAL AND PROCEDURAL BACKGROUND ..................................................8

    A.    Background of the Debtor, the Trustee, and the 2014 Property Auction and Sale ..........8

    B.    The Schlossberg Adversary and the Spoliation Judgment.................................9

    C.    The Properties Subject to the Instant Sale Motion .........................................12

    D.    The Debtor's Proposed Sale of the Properties ...............................................15

GROUNDS FOR GRANTING RELIEF ON AN EXPEDITED BASIS ......................15

RELIEF REQUESTED ........................................................................................16

    A.    Approval of Bidding Procedures and Purchase Agreement ...........................16

        i.    Bid Deadline ........................................................................................17

        ii.    Reservation of Rights ..........................................................................18

        iii.    Required Bid Documents ....................................................................18

        iv.    Qualified Bids ....................................................................................20

        v.    Deposit Requirement ..........................................................................20

        vi.    The Auction ........................................................................................21

        vii.    The Closing ........................................................................................23

        viii.  Miscellaneous Terms of Sale and Credit Bidding ..............................24

    B.    Notice of Sale and Sale Hearing ..................................................................25

    C.    Notice to Tenants ........................................................................................27

    D.    Precautionary Notice Provided In Connection With District of Columbia Sale Act .....28

AUTHORITY FOR REQUESTED RELIEF ...............................................................30

    A.    The Proposed Sale Satisfies § 363(b) of the Bankruptcy Code ....................................30

    B.    The Proposed Sale Satisfies § 363(f) of the Bankruptcy Code......................................33

    C.    To the Extent Applicable, the Proposed Sale Satisfies § 363(h) of the Bankruptcy Code ..............................................................................................................................34

    D.    Creditor Wilson Judgment Lien Claim As To the Properties Is in Bona Fide Dispute ..35

    E.    The Sale is Proposed in Good Faith and Any Purchaser is Entitled to the Protections of § 363(m) ..............................................................................................................................36

    F.    Waiver of Stay Imposed by Bankruptcy Rule 6004(h)..................................................37

NOTICE ..............................................................................................................................38

CONSULTANT FEE ..........................................................................................................39

CERTIFICATE OF SERVICE ...........................................................................................40

**APPENDIX A** ..................................................................................................................49

**APPENDIX B** ..................................................................................................................52

Roger Schlossberg, Chapter 11 Trustee for Vincent L. Abell (the "Trustee"), by undersigned counsel, submits this motion (the "Sale Motion"), pursuant to §§ 105(a) and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, and 9014, for entry of two orders: (A) the first, substantially in the form attached hereto as _Exhibit 1_ (the "Bidding Procedures Order"), (i) approving procedures (the "Bidding Procedures"), substantially in the form attached hereto as _Exhibit 2_, with respect to the proposed sale (the "Sale") of real properties listed and described in _Appendix A_ attached hereto (the "Properties"), (ii) approving the form of the Purchase Agreements (the "Purchase Agreements")[1], substantially in the form attached hereto as _Exhibit 3_, to be used to solicit and close upon bids from potential purchasers for the Properties in accordance with the Bidding Procedures, (iii) scheduling a hearing (the "Sale Hearing") on the Sale and setting an objection deadline with respect to the Sale, (iv) approving the form and manner of notice of the Sale, the Bidding Procedures, and the Sale Hearing (the "Sale Notice"), substantially in the form attached hereto as _Exhibit 4_, and (v) granting related relief; and (B) the second, substantially in the form attached hereto as _Exhibit 5_ (the "Sale Order"), (i) authorizing the Sale of the Properties free and clear of all liens, claims, encumbrances, and interests pursuant to the Purchase Agreements, including authorizing the Trustee to take any action necessary to effectuate a sale of the Properties and (ii) granting related relief.[2]   In support of the Sale Motion, the Trustee represents as follows:

---

[1] The Trustee seeks approval of two different Purchase Agreements, one for properties located in Maryland and one for Properties located in the District of Columbia.  These form agreements differ only to comply with various local laws that do not apply in one or the other jurisdiction.

[2] As noted below, the Trustee does not seek entry of the Sale Order until after the Sale Hearing has occurred.

## PROPOSED TIMELINE

As set forth in more detail below, the following is the proposed schedule of dates and

deadlines for which the Trustee seeks this Court's approval, subject to modification:

(a)    <u>Bid Procedures and Related Relief Objection Deadline</u>: Twenty-one (21) days from the date of completion of service of the Sale Motion;

(b)    <u>Bid Procedures and Related Relief Hearing (if needed)</u>: **September 13, 2016, at 10:00 a.m.** (prevailing Eastern Time);

(c)    <u>Bid Deadline</u>: **October 28, 2016, at 4:00 p.m.** (prevailing Eastern Time) as the deadline by which all bids for the Properties must be received pursuant to the Bidding Procedures;

(d)    <u>Auction</u>: **November 02, 2016, at 10:00 a.m.** (prevailing Eastern Time) as the date and time of the auction, if one is needed, to be held at the Royal Sonesta Harbor Court Baltimore hotel at 550 Light Street, Baltimore, MD 21202, or such other location for which the Trustee provides Bidders and other interested parties with notice;

(e)    <u>Sale Objection Deadline</u>: **November 03, 2016, by 4:00 p.m.** (prevailing Eastern Time); and

(d)    <u>Sale Hearing</u>: **November 07, 2016, at 3:00 p.m.** (prevailing Eastern Time).

5

## HIGHLIGHTED PROVISIONS PURSUANT TO LOCAL BANKRUPTCY RULE 6004-1(b) and (c)

In accordance with Md. L.B.R. 6004-1(b), the Trustee highlights the following provisions in connection with the Sale:

- Sale to Insider[3]: In the event any Successful or Backup Bidder in the Auction[4] is an "insider" of the Debtor as defined in 11 U.S.C. § 101(31), the Trustee will so advise the Court of such insider's identity, relationship to the Debtor and any measures taken to ensure the fairness of the sale process and the proposed transaction.

- Agreements with Management:  Not applicable.

- Releases: There are currently no provisions pursuant to which an entity is being released or claims against any entity being waived or otherwise satisfied.

- Private Sale/No Competitive Bidding: An Auction is contemplated and the Trustee has not agreed to limit shopping the Properties.  However, in order to maximize the value of the Properties, the Trustee reserves the right prior to the Auction to enter into a Purchase Agreement with a prospective buyer, subject to this Court's approval, and in accordance with Md. L.B.R. 6004-1. The entry into such an agreement shall be without further notice to any party, other than those parties required to be noticed pursuant to this Sale Motion.

- Closing and Other Deadlines: Except as otherwise provided in a written offer that has been accepted by the Trustee, the Closing of the Sale shall take place within fourteen (14) business days following the entry of the Sale Order.  Closing is conditioned upon entry of the Sale Order.

- Good Faith Deposit: Proposed bidders will be required to submit a Deposit for each Property for which a bid is submitted, as provided for in the Purchase Agreement(s). Upon failure to consummate the Sale, because of a breach or failure on the part of the Successful Bidder(s), the Trustee shall retain the Deposit for any Property as liquidated damages.

- Interim Arrangements with Proposed Buyer:  Currently, the Trustee is not proposing to enter into any interim agreements or arrangements with any proposed buyer.

---

[3] The headings are those utilized in the Local Bankruptcy Rules.

[4] All capitalized terms not otherwise defined are defined *infra*.

- Use of Proceeds: Any proposed release of sale proceeds by the Trustee without further court Order will be presented at the Sale Hearing and expressly provided for in the final proposed Sale Order submitted to the Court. Pursuant to the Order Granting Chapter 11 Trustee's Application to Employ the Consultants [Dkt. No. 318], the Trustee seeks to pay a commission to the Consultants equal to six percent (6%) of Gross Proceeds if such proceeds are $50,000 or greater or; (2) ten percent (10%) of Gross Proceeds if such proceeds are less than $50,000; (3) but if the Gross Proceeds are between $50,000 and $83,334, the Consultants' fee will be $5,000, plus a reimbursement of marketing costs and expenses related to the sale.

- Record Retention: Not applicable.

- Sale of Avoidance Actions: Not applicable.

- Requested Findings as to Successor Liability: Not applicable.

- Sale Free and Clear of Unexpired Leases: Not applicable.

- Credit Bid: The Trustee reserves all rights to petition the Court for an order limiting or precluding a claimed lienholder's ability to credit bid under § 363(k). The Trustee will not seek or require any Deposit from a valid credit bidding party who seeks to participate in the Auction.

- Relief from Bankruptcy Rule 6004(h): The Trustee requests that the Sale Order be made effective immediately by providing that the stay under Bankruptcy Rule 6004(h) be waived.

In accordance with Md. L.B.R. Rule 6004-1(c), the Trustee highlights the following provisions in connection with the proposed Bidding Procedures:

- Provisions Governing Qualification of Bidders: The Bidding Procedures Order seeks approval of provisions governing an entity becoming a qualified bidder. *See* Relief Requested § A.iii & iv.

- Provisions Governing Qualified Bids: The Bidding Procedures Order seeks approval of provisions governing a bid being a qualified bid. *See* Relief Requested § A.iii & iv.

- Provisions Providing Bid Protections to "Stalking Horse" or Initial Bidder: There are currently no provisions providing initial or "stalking horse" bidders a form of bid protection. *But see* Relief Requested § A.ii.

- Modification of Bidding and Auction Procedures: The Bidding Procedures Order seeks approval of a provision authorizing the Trustee, at or before the Auction, to impose or modify the terms and conditions of the Sale and Auction and bidding

process as he determines to be in the best interest of the bankruptcy estate, creditors, and other parties in interests. *See* Relief Requested § A. iv & vi.

- <u>Closing with Alternative Backup Bidders</u>: The Bidding Procedures Order seeks approval of a provision that would authorize the Trustee to accept and close on Backup Bidders in the event the Successful Bidder fails to consummate the transaction. *See* Relief Requested § A.vii.

The aforesaid provisions are also highlighted by <u>underline</u> in the Sale Motion in accord with Md. L.B.R. Rule 6004-1(c).

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

2.      The statutory basis for the relief requested herein are Bankruptcy Code §§ 105(a) and 363, as supplemented by Fed. R. Bankr. P. 2002, 6004, and 9014 and Md. L.B.R. 2002-1 and 6004-1.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.      Background of the Debtor, the Trustee, and the 2014 Property Auction and Sale**

3.      On March 5, 2013, Vincent L. Abell (the "Debtor") filed a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code.

4.      On September 19, 2013, the Court entered an Order approving the appointment of Roger Schlossberg as Trustee (the "Trustee") for the Debtor [Dkt. No. 260]. The Trustee has accepted that appointment, has qualified and is acting in that capacity.

5.      Prior to the Petition Date, the Debtor owned and operated, either individually or through various entities, numerous residential properties.

6.    As permitted by the Court's Order entered December 9, 2013 [Dkt. No. 318], the Trustee has employed A & G Realty Partners, LLC ("A&G") and Long & Foster Real Estate, Inc. ("Long & Foster") (collectively the "Consultants"), to provide real estate consulting and advisory services to the Trustee in connection with the disposition of the aforesaid properties and all other properties that the Court has ordered are property of the bankruptcy estate.

7.    On February 06, 2014, the Trustee filed a motion pursuant to, *inter alia*, 11 U.S.C. § 363(f) seeking to sell certain of the Debtor's real properties[5] pursuant to a bidding and auction procedure (the "2014 Sale Motion") [Dkt. No. 370] substantially similar to that for which the Trustee seeks approval in the instant Sale Motion.   Pursuant to the bidding procedures approved by the Court on March 5, 2014 [Dkt. No. 414], the Trustee with the assistance of counsel and other estate professionals (the Consultants) conducted a remarkably successful auction of the properties subject to the 2014 Sale Motion with approximately twenty (20) "Qualified Bidders" in attendance and participating, and all of the properties offered for sale being sold.   After a hearing on the 2014 Sale Motion, on March 31, 2014, the Court entered an Order (I) Authorizing the Sale of Certain Real Properties Free and Clear of Liens, Claims, Encumbrances, and Interests, and (II) Granting Related Relief [Dkt. No. 483] (the "2014 Sale Order").   As reflected in the 2014 Sale Order, the "Successful Bids" on twenty-seven (27) real properties auctioned by the Trustee totaled $7,612,000.00, with the "Backup Bids" totaling $7,114,000.00.

**B.    The Schlossberg Adversary and the Spoliation Judgment**

8.    On July 7, 2014, the Trustee initiated an adversary proceeding against the Debtor, Marta Bertola ("Bertola"), and other insiders of the Debtor through a complaint that (i) described

---

[5] Specifically, the Trustee sought to sell numerous real properties titled in the Debtor's name.

a multi-year scheme to conceal assets from the Debtor's creditors, the Trustee, and the Court, and (ii) asserted more than 40 related claims, *Schlossberg v. Abell, et al.*, Adv. Pro. No. 14-00417-TJC (the "Schlossberg Adversary"). Among other things, the Trustee alleged that the assets identified in *Exhibit 1 – Concealed Assets* to the Amended Complaint were property of the bankruptcy estate. *See* [Adv. No. 14-00417, Dkt. No. 7].

9.      On December 11, 2014, the Trustee filed his Emergency Motion for Sanctions for Spoliation of Evidence (the "Sanctions Motion") [Adv. No. 14-00417, Dkt. No. 84] against the Debtor, Bertola, and American Trust, LLC ("American Trust"). After a multi-day evidentiary hearing, argument, and extensive briefing, on April 14, 2016, the Court issued the Memorandum of Decision and Order Granting Trustee's Motions for Sanctions for Spoliation of Evidence [Adv. No. 14-00417, Dkt. Nos. 326, 327] (collectively the "Spoliation Judgment").

10.      In the Spoliation Judgment, the Court ordered, among other things, that:

> . . .The Remaining Concealed Assets that Mr. Abell and Ms. Bertola contend are owned by them as tenants by the entireties or claim are owned solely by Ms. Bertola or American Trust are property of the estate under 11 U.S.C. §541(a) and not subject to any asserted or other exemptions . . . . American Trust is property of the estate under 11 U.S.C. §541(a) and not subject to any asserted or other exemptions; that a constructive trust is hereby imposed upon American Trust and all of its assets; and that American Trust and all of its assets are subject to turnover to the Trustee . . . ."

[Adv. No. 14-00417, Dkt. No. 327], attached hereto as <u>*Exhibit 6*</u>.

11.      On April 27, 2016, the Court entered the Memorandum and Order Directing Final Judgment against the Debtor, Bertola, and American Trust [Adv. No. 14-00417, Dkt. No. 349], in which the Court ordered, "that for the reasons stated herein, there is no just reason to delay the Trustee's ability to enforce the Judgments against Mr. Abell, Ms. Bertola, and American Trust;

therefore, the court directs that the Judgments are final judgments against Mr. Abell, Ms.

Bertola, and American Trust pursuant to Fed. R. Civ. P. 54(b)."

    12.    On July 29, 2016, the Court entered an Order Resolving Defendant Bertola's

Motion to Alter or Amend Judgment (the "Clarification Order"), in which the Court ordered,

among other things,

> . . . **. [T]hat assets identified in the Trustee's Amended
> Complaint and Exhibit thereto [ECF No. 7] as Concealed
> Assets or Remaining Concealed Assets are property of the
> estate;** . . ., that assets identified in the Amended Complaint and
> Exhibit thereto [ECF No. 7] as Concealed Assets or Remaining
> Concealed Assets that are assets of the Phoenix Real Estate 2, LLC
> Employee Benefit Trust are property of the estate and the Motion
> is denied as to those assets . . ., that assets identified in the
> Amended Complaint and Exhibit thereto [ECF No. 7] as
> Concealed Assets or Remaining Concealed Assets, including, but
> not limited to, the entities and properties listed at rows 113
> (concerning properties owned by 4428 Perry Place, LLC), 222
> (concerning properties owned by Petworth Heights, LLC), and 192
> (concerning Columbia Security LLC) of Exhibit 1 to the Trustee's
> Amended Complaint are property of the estate and the Motion is
> denied as to those assets . . . .

[Adv. No. 14-00417, Dkt. No. 418] (emphasis supplied), attached hereto as *Exhibit 7*.

    13.    The Spoliation Judgment is a final, non-appealable judgment because no party

took an appeal therefrom. *See Smith v. Dairymen, Inc.,* 790 F.2d 1107, 1109 (4th Cir. 1986)

(holding district court lacked jurisdiction to review the bankruptcy court's order where notice of

appeal not timely filed); *Hollis v. McDow, Jr. (In re Sackar)*, No. 03-11002-PM, 2004 WL

3415563, at *1 (D. Md. Nov. 17, 2004) (gathering cases) *aff'd*, 124 F. App'x 200 (4th Cir. 2005).

    14.    Therefore, all assets identified as Concealed Assets on *Exhibit 1* to the Complaint

are property of the Debtor's bankruptcy estate and may be sold, liquidated, or otherwise

administered by the Trustee for the benefit of the Debtor's creditors. Accordingly, the Trustee

has taken possession and control of numerous parcels of real property contained on the

Concealed Asset List (generally referred to as the "Spoliation Properties"). The instant Sale Motion seeks authorization to sell and/or permit the Trustee to take any action necessary to effectuate the sale of certain of the Spoliation Properties.

15.     By order entered June 09, 2016, the Court approved the Trustee's application to employ Black Creek Consulting, Ltd. to provide asset and property management services related to the Spoliation Properties, such as collecting rental income, and being responsible for the general operation and maintenance of the Spoliation Properties [Dkt. No. 977]. Additionally, the Consultants, have been providing real estate consulting and advisory services to the Trustee in connection with the disposition of the properties.

## C.     The Properties Subject to the Instant Sale Motion

16.     By the instant Sale Motion, the Trustee seeks to liquidate thirty-three (33) of the Spoliation Properties that are property of the Debtor's bankruptcy estate as a result of the Spoliation Judgment and related rulings discussed herein (the "Properties"). The Properties are each listed on the Concealed Asset List [Adv. No. 14-00417, Dkt. No. 7]. The Properties are as follows:

| Property Number[6] | Property Address | Concealed Asset List Number |
|---|---|---|
| 1 | 17111 Clear Creek Drive Silver Spring, (Montgomery County) MD 20905 | 235 |
| 2 | 2103 Suitland Terrace, SE, #201 Washington, DC  20020 | 68 |
| 3 | 277 Newcomb St., SE Washington, DC  20032 | 84 |
| 4 | 3000 7th St., NE, #121 Washington, DC  20017 | 61 |
| 5 | 3514 13th St., NW Washington DC  20010 | 103 |
| 6 | 3750 Bel Pre Road, #8 Aspen Hill, (Montgomery County) MD  20906 | 106 |

---

[6] The Properties are numbered for ease of reference given the volume. Properties are identically numbered in *Appendix A* and *Appendix B* as well as *Appendix A* to Sale Notice.

| Property Number[6] | Property Address | Concealed Asset List Number |
|---|---|---|
| 7 | 5118 Hanna Place, SE<br>Washington, DC  20019 | 133 |
| 8 | 6014 Prince George Street<br>Gwynn Oak, (Baltimore County) MD  21207 | 142 |
| 9 | 1605 D Street, SE<br>Washington, DC 20003 | 211 |
| 10 | 3122 10th Street, NE<br>Washington, DC 20017 | 211 |
| 11 | 912 Barnaby Street, Unit 101, Washington DC, 20032<br>(includes parking space known as 910-916 Barnaby Street, SE,<br>Washington DC, 20032 P-36) | 211 |
| 12 | 4600 Hillside Road, SE<br>Washington, DC 20019 | 211 |
| 13 | 1404 Tuckerman St., NW, #B-2<br>Washington, DC  20011 | 222 |
| 14 | 611 18th St., NE<br>Washington, DC  20002 | 113 |
| 15 | 10606 Frank Tippett Road<br>Cheltenham, (Prince George's County) MD 20623 | 197 |
| 16 | 1239 Savannah Place, SE<br>Washington, DC 20032 | 40 |
| 17 | 1329 Staples Street, NE<br>Washington, DC 20002 | 27 |
| 18 | 1488 Morris Road, SE<br>Washington, DC 20020 | 44 |
| 19 | 1656 40th Street, SE<br>Washington, DC 20020 | 40 |
| 20 | 1803 Fawn Way<br>Finksburg, (Carroll County) MD  21048 | 144 |
| 21 | 2228 16th Street, NE<br>Washington, DC 20018 | 40 |
| 22 | 2926-2928 K St., SE<br>Washington, DC  20019 (Units 1-6) | 87 |
| 23 | 3319 18th Place, SE<br>Washington, DC 20020 | 99 |
| 24 | 3351 Clay Place, NE<br>Washington, DC 20019 | 73 |
| 25 | 3453 23rd Street, SE<br>Washington, DC 20020 | 40 |
| 26 | 3473 23rd Street, SE<br>Washington, DC 20020 | 102 |
| 27 | 3507 Duke Street<br>College Park, (Prince George's County) MD  20740 | 137 |
| 28 | 5127 New Hampshire Avenue, NW<br>Washington, DC 20011 | 237 |

| Property Number[6] | Property Address | Concealed Asset List Number |
|---|---|---|
| 29 | 5813 4th Street, NW Washington, DC 20011 | 58 |
| 30 | 610 Bennington Drive Silver Spring, (Montgomery County) MD  20910 | 238 |
| 31 | 712 Bonini Road, SE Washington, DC 20032 | 40 |
| 32 | 8334 Scotts Level Road Baltimore, (Baltimore County) MD  21208 | 137 |
| 33 | 91 Elmira Street, SW Washington, DC 20032 | 165 |

A more detailed list of the Properties is attached hereto as *Appendix A*.

17.    In connection with the proposed sale of the Properties, the Trustee performed due diligence on the Properties with the assistance of the Consultants and other professionals. Among other things, the Trustee obtained and reviewed title work on each of the Properties.  The title reports allowed the Trustee to identify parties with claimed liens on the Properties.  As discussed in more detail herein, the Trustee will serve all required papers, motions and notices relating to this sale process on the asserted lienholders.  A list of potential lienholders noting that Property subject to the lien of each such lienholder is attached hereto as *Appendix B.*

18.    The Trustee additionally has reviewed available lease records with respect to the Properties in order to identify existing tenants.  Unfortunately, the tenant and lease records the Trustee was able to obtain from Bertola may be incomplete and/or not current. The information contained in the instant Sale Motion, including the tenants listed on *Appendix A*, represents the Trustee's present knowledge based upon records currently in his custody.  As more fully discussed herein, the Trustee will serve all required papers, motions and notices relating to this sale process on each known, identified tenant, and upon "current tenant or resident" by sending all such papers directly to each property address.

19. The Property located at 17111 Clear Creek Dr., Silver Spring, (Montgomery County) MD 20905 is the subject of a pending motion for relief from the automatic stay filed by a creditor claiming a lien on that Property, *see* Motion for Relief from the Automatic Stay filed by Specialized Loan Servicing LLC, as servicing agent for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Mortgage Loan Trust 2005-2AR, Mortgage Pass-Through Certificates, Series 2005-2AR [Dkt. No. 958].

**D.     Debtor's Proposed Sale of the Properties**

20. The Trustee, in consultation with the Consultants, has determined that the best method for maximizing the value of the Debtor's estate is to sell the Properties through an orderly sale and/or auction process.

21. As more fully set forth in the Trustee's Application to Employ Real Estate Consultants and Advisors [Dkt. No. 306], both A&G and Long & Foster have extensive experience in the disposition of residential real estate, and A&G has extensive expertise with bankruptcy sale and auction processes designed to create the greatest value for the benefit of bankruptcy estate. The Consultants were integral to the Trustee's success in the initial auction sale conducted in this case. The Consultants have and will continue extensively marketing the Properties for sale and will conduct the sale/auction process in accordance with the Bidding Procedures described herein as to which the Trustee seeks the approval of the Court.

## GROUNDS FOR GRANTING RELIEF ON AN EXPEDITED BASIS

22. The following factors justify an expedited sale and auction process of the Properties. The ability of the Trustee promptly to sell the Properties reduces the costs to the Debtor's estate associated with maintaining, operating, and leasing the Properties (including the management of the Properties and the costs and risks associated therewith). A few of the

Properties are vacant and, accordingly, at greater risk of loss to the Trustee. Similarly, vacant properties are subject to a higher D.C. tax rate than occupied properties. Further, the longer the Trustee remains responsible for the Properties, the longer the Debtor's estate is exposed to liabilities associated with the Properties themselves or with any tenants therein. An expedited sale and auction process for the Properties will alleviate the risks noted above as well as the Trustee's obligations to pay valid mortgages on an ongoing basis.

## **RELIEF REQUESTED**

23.     By this Sale Motion, the Trustee seeks the entry of two interrelated orders. First, the Trustee seeks entry of the Bidding Procedures Order, which is designed to: (i) approve the Bidding Procedures; (ii) approve the form of the Purchase Agreements; (iii) schedule the Sale Hearing; (iv) approve the form and manner of notice of the Sale and Sale Hearing; and (v) grant related relief. Second, following the Trustee's selection of the highest and otherwise best offer for the Sale of the Properties, and a Backup Bidder, if applicable, the Trustee seeks entry of the Sale Order, which is designed to: (i) authorize the sale of the Properties (and/or for the Trustee to take any and all action necessary to effectuate such a sale) free and clear of all liens, claims, encumbrances, and interests (the "Interests") pursuant to the Purchase Agreements, and (ii) grant related relief.

**A.     Approval of Bidding Procedures and Purchase Agreement**

24.     The Trustee hereby seeks approval of the Bidding Procedures attached as *Exhibit 2* and summarized below.[7] The Trustee believes that the Bidding Procedures will maximize the value of the Properties for the benefit of the Debtor's estate, creditors, and other interested

---

[7] To the extent that this summary differs in any way from the terms set forth in the Bidding Procedures attached hereto as *Exhibit 2*, the terms of the Bidding Procedures shall control.

parties. The Bidding Procedures contemplate a sale and auction process pursuant to which bids for the Properties will be subject to higher and better offers during a live auction.

### i.    Bid Deadline

25.    The Consultants will actively market the Properties and solicit bids up and until the date scheduled for the Auction (November 02, 2016). If the Trustee receives more than one offer to purchase any one of the Properties, an auction (the "Auction") can be conducted as set forth below. In order to bid at the Auction, a bidder (the "Bidder" and collectively, the "Bidders") must submit a written bid in the form of the Required Bid Documents (as defined below) no later than **October 28, 2016, at 4:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"). The original Required Bid Documents must be submitted to: Richard M. Goldberg, Esq., SHAPIRO SHER, 250 West Pratt Street, Suite 2000, Baltimore, MD 21201 (rmg@shapirosher.com), with copies to:

    a.    Roger Schlossberg, 18421 Henson Boulevard, Suite 201, Hagerstown, MD 21742, trustee@schlosslaw.com;

    b.    Michael Matlat, A&G Realty Partners, LLC, 445 Broadhollow Road Suite 410, Melville, NY 11747, mike@agrealtypartners.com;

    c.    Matt Benson, Long & Foster, 1311 Dolley Madison BLVD, McLean, Va. 22101, Matt.Benson@longandfoster.com; and

    d.    Gerard R. Vetter, Esq., Office of the United States Trustee, 101 West Lombard St., Suite 2625, Baltimore, MD 21201, Gerard.R.Vetter@usdoj.gov.

26.    Each Bidder shall be deemed to have acknowledged: (a) that it had an opportunity to view the exterior of the Properties prior to making its offer, and that each such Bidder relied solely upon its own inspection of the Properties in making its offer; and (b) that each Bidder is not relying upon any written or oral statements, representations, or warranties of the Consultants, or the Trustee, their agents or representatives.

**ii.      Reservation of Rights**

27.      <u>Private Sale.   In order to maximize the value of the Properties, the Trustee reserves the right prior to the Auction to enter into a Purchase Agreement with a prospective buyer, subject to this Court's approval, and in accordance with Md. L.B.R. 6004-1. The entry into such an agreement shall be without further notice to any party, other than those parties required to be noticed pursuant to this Sale Motion.</u>

28.      In order to maximize the value of the Properties to the estate, the Trustee may withdraw any or all of the Properties from the Sale prior to or during the Auction. The Trustee also reserves the right to withdraw any Property from the Sale after the Auction and/or during the Sale Hearing.   The Trustee reserves the right to reject any and all bids, package bids in any format, and obtain higher and better offers for any Properties bid upon.

**iii.      Required Bid Documents**

29.      <u>All bids must include the following documents, which must be submitted by the Bid Deadline (the "Required Bid Documents" or "Bid Requirements"):</u>

a.      <u>The Offer and Qualified Bidder Form: A complete and executed Offer and Qualified Bidder Form, a copy of which is attached to the Bidding Procedures as **Appendix A**.   The Offer and Qualified Bidder Form shall serve as the coversheet to all Qualified Bids.</u>

i.      <u>Written Offer. The Offer and Qualified Bidder Form constitutes a written offer for the purchase of the specific Property or Properties listed thereon as the case may be. The Qualified Bidder Form states that the Bidder's offer is irrevocable until the earlier to occur of (i) the Closing (as defined in the Purchase Agreement) or (ii) forty-five (45) days following the Auction (unless such bid is sooner expressly rejected in writing by the Trustee) and that if it is the successful Bidder, Bidder is ready, willing, and able to execute the Purchase Agreement(s) consistent with such successful bids, the forms of which are attached hereto as *Exhibit 3*.</u>

ii.      <u>Due Diligence. The Offer and Qualified Bidder Form also includes an acknowledgement and representation signed by the Bidder or</u>

18

his authorized agent that the Bidder:  (a) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Properties in making its offer; (b) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Properties or the completeness of any information provided in connection therewith or the Auction other than as provided in the Purchase Agreement; (c) is not entitled to any break-up fee, termination fee, expense reimbursement, or similar type of payment, (d) and by submitting a Purchase Agreement(s), waives, and shall be deemed to waive, the right to pursue a substantial contribution claim under § 503 of title 11 of the United States Code (the "Bankruptcy Code") related in any way to the submission of its bid, the Bidding Procedures, or any earnest money Deposit.

iii.  Purchase Price.  The Offer and Qualified Bidder form shall include an aggregate purchase price and, if more than one Property is included, an allocation of purchase price on a property-by-property basis.

b.  Agent. In the case of a real estate broker bidding on any specific Property or Properties as the case may be, as agent for a Bidder, the broker must submit the Required Bid Documents (including the Offer and Qualified Bidder Form) together with a letter of authorization on Bidder's letterhead, executed by an authorized agent of the Bidder, stating that (i) Bidder exclusively authorizes broker to submit such offer on behalf of Bidder and that any commission or fee of any type due and payable to such broker as a result of a Sale shall be paid solely by Bidder and Bidder shall indemnify the Trustee and the Consultants in this regard, and (ii) Bidder acknowledges that it will comply with the Bidding Procedures.

c.  Purchase Agreement.  An executed and fully completed copy of the Purchase Agreement for each Property for which a bid is submitted, the form of which is attached hereto as *Exhibit 3*.  To the extent that any Bidder seeks to purchase more than one property in either Washington D.C. or Maryland, it may include all Washington D.C. Properties on a single D.C. form Purchase Agreement and all Maryland Properties on a single Maryland form Purchase Agreement.  To the extent the Bidder modifies the Purchase Agreement(s), the Bidder shall also submit a black-lined copy marked to show any changes from the form approved by the Bankruptcy Court.

d.  Financial Ability. Written evidence of the Bidder's ability, including financial ability, to consummate the Sale without any contingencies to closing which may include, (i) federal tax returns for two years and/or a

current audited or review financial statement and/or bank account statements; and (ii) any information that the Trustee may reasonably request.

e. Deposit. Includes an earnest money Deposit for each Property for which a bid is submitted, as provided for in the Purchase Agreement(s) and defined herein in the form of a certified check, wire transfer, or such other form of a cash equivalent as is reasonably acceptable to the Trustee, or such other form as approved by the Bankruptcy Court.

### iv.    Qualified Bids

30.    Unless a Bid Requirement is waived by the Trustee only Bidders that have complied with the Bid Requirements (as determined by the Trustee in his sole discretion) shall be deemed to have submitted qualified bids ("Qualified Bids"); only such parties shall be eligible to participate in the Auction as Qualified Bidders.

### v.    Deposit Requirement

31.    Each Bidder shall tender a Deposit equal to ten percent (10%) of the bid amount (the "Deposit" or "earnest money Deposit") as required by the Purchase Agreement.  To the extent that a Bidder submits a bid for more than one Property, the Deposit shall be equal to 10% of the aggregate purchase price of all Properties bid upon.  The Deposit shall be made by cashier's check payable to "Shapiro Sher Guinot & Sandler" or such other form of immediately available funds acceptable to the Trustee, in his sole discretion. The Deposit of the second highest and best Bidder (the "Backup Bidder") shall be held in escrow (without interest) in accordance with the terms of the Purchase Agreements until the earlier to occur of: (i) the Closing, and (ii) forty-five (45) days after the Auction. The Trustee shall return the Deposits of all other Bidders within ten (10) business days of the Auction.

32.    In the event that the Trustee does not consummate the sale of any of the Properties for any reason (other than the Bidder's failure to consummate the sale), the Trustee's

sole obligation and liability shall be to refund the Deposit to the Bidder.

33.    The Sale shall not be deemed to have been completed pursuant to the procedures described herein unless (a) the Bankruptcy Court has approved such Sale at the Sale Hearing, and (b) such proposed transaction is, in fact, consummated.

**vi.    The Auction**

34.    The Auction shall occur on **November 02, 2016, at 10:00 a.m. (prevailing Eastern Time)**, at the Royal Sonesta Harbor Court Baltimore hotel at 550 Light Street, Baltimore, MD 21202, or such other location for which the Trustee provides Bidders and other interested parties with notice.  The Auction shall be conducted pursuant to the terms and conditions set forth in the Bidding Procedures.  Only Qualified Bids will be considered at the Auction, subject to the Trustee's discretion. All sales, whether at the Auction or a private sale, shall be subject to approval of the Bankruptcy Court.

35.    The terms and procedures governing the Auction are as follows:

a.    Qualified Bidders shall appear at the Auction in person, or through a duly authorized representative who shall have authority to legally bind such Qualified Bidder, unless alternative arrangements are reached with the Trustee and his Professionals.

b.    The Trustee may conduct the Auction, in the manner that he determines, in his reasonable business judgment, will result in aggregate Successful Bid(s) that will maximize the overall value of the Properties to the bankruptcy estate, and may adopt and modify rules for the Auction at the Auction that, in the Trustee's reasonable business judgment, will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bidding Procedures Order, the Bankruptcy Code, or any order of the Bankruptcy Court.  All such rules will provide that all participating Qualified Bidders (or their authorized representative) shall be entitled to be present for all bidding and that all material terms of each Qualified Bid will be fully disclosed to all other bidders throughout the entire Auction.  Each bid by a Qualified Bidder at the Auction, if not inconsistent with the provisions of these Bidding Procedures, shall be deemed to constitute a Qualified Bid.

c.  The Trustee will arrange for the actual bidding at the Auction to be videotaped or transcribed.

d.  Qualified Bidders are precluded from engaging in any collusion regarding these Bidding Procedures, the Auction, or any proposed transaction relating to the Properties or any grouping thereof.

e.  Before the start of the Auction, the Professionals will notify all Qualified Bidders of the highest or otherwise best bids (the "Opening Bid") for the Properties, by group or individually, as determined by the Trustee in consultation with the Professionals.

f.  The Auction will begin with the Opening Bid.

g.  Subsequent to the initial round of bidding, the Auction may continue, in the discretion of the Trustee with one or more subsequent rounds of bidding.  The minimum overbid for any such subsequent rounds shall not be less than $1,000 for a single Property, provided, however, that the Trustee may reduce or raise the incremental amount of subsequent  bids in his discretion with increments for each subsequent round of bidding being announced on the record at the Auction.

h.  All Qualified Bidders shall have the right, at any time, to request that the Trustee announce, subject to any potential new bids, the then-current highest or otherwise best bid for a Property or group of the Properties and, to the extent requested by any Qualified Bidder, use reasonable efforts to clarify any and all questions such Qualified Bidder may have regarding the Trustee's announcement of the then current highest or otherwise best bid(s).

i.  In the Trustee's discretion, all Qualified Bidders shall have the right to propose modifications to their Purchase Agreement(s) at the Auction; provided, however, that any such modifications to a Purchase Agreement(s) on an aggregate basis and viewed in whole, shall not be less favorable to the Trustee (from his perspective), and that any such modification shall not vitiate any tenant rights.

j.  Upon conclusion of the bidding, the Auction shall be closed subject to the terms contained in these Bidding Procedures, except as otherwise provided for herein or by order of the Bankruptcy Court.  The Trustee shall, as soon as practicable thereafter identify and determine in his reasonable business judgment the highest or otherwise best Qualified Bid for the Properties or any grouping thereof or individual Properties (the "Successful Bid" or "Successful Bids") and the entity or entities submitting such Successful Bid(s) (the "Successful Bidder(s)").  In making this decision, the Trustee may consider, among other things, the amount of the purchase price, the form of consideration being offered, the Qualified Bidder(s)' ability to close a transaction and the timing thereof, the type and nature of the Purchase Agreement(s), and the net benefit to the Debtor's bankruptcy

estate. The Trustee will advise the Qualified Bidders of the conclusions he makes, and require the Successful Bidder to deliver its Purchase Agreement.

k.  The Trustee shall determine which Qualified Bid(s), if any, is the next highest or otherwise best Qualified Bid and designate such Qualified Bid as the "Backup Bid" which shall proceed to closing in the event the Successful Bidder(s) fails to consummate the Successful Bid(s). A Qualified Bidder that submits the Qualified Bid that is designated as the Backup Bid is the "Backup Bidder."

l.  Notwithstanding anything to the contrary contained herein, if the Trustee determines that no acceptance of a Qualified Bid would be in the best interest of the estate and its creditors, the Trustee may terminate the Auction without designating any Successful Bidders or Backup Bidders.

m.  At the conclusion of the Auction, any and all key terms of the Successful Bid and the Backup Bid shall be recited on the record to ensure the accuracy thereof and to aid in the final documentation of the sale.

n.  Following the conclusion of the Auction or at any point thereafter, as the case may be, the Trustee may resume bidding pursuant to such procedures that he determines in his discretion are in the best interests of the bankruptcy estate, or otherwise engage in negotiations for the sale of discrete assets not subject to the Successful Bid(s) or Backup Bid(s). The Court may consider approval of the sale of such discrete assets at the Sale Hearing, or a date shortly thereafter.

o.  All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction and the construction and enforcement of the Bidding Procedures and the Successful Bid(s) and Backup Bid(s), as applicable.

**vii.    The Closing**

36.    Except as otherwise provided in a written offer that has been accepted by the Trustee, the closing of the Sale shall take place at the offices of Shapiro Sher, P.A. within fourteen (14) business days following the entry of the Sale Order, or at such later time that the Trustee determines, in his discretion, is proper (the "Closing"). The Sale Hearing before the Bankruptcy Court to approve the Sale is requested herein to be scheduled for **November 07, 2016**, at 3:00 p.m. (prevailing Eastern Time), subject to the order of this Court.

37.     With respect to the Closing, time of performance by the Successful Bidder(s) is of the essence. Upon failure to consummate the Sale, because of a breach or failure on the part of the Successful Bidder(s), the Trustee shall retain the Deposit for any Property as liquidated damages as well as the right to pursue any available judicial relief, and the next highest or otherwise best Qualified Bidder, as disclosed at the Auction and Sale Hearing, shall be deemed the Successful Bidder and shall consummate the Sale without further order of the Court.

38.     The balance of the purchase price of the respective Property shall be paid by the Successful Bidder (or Backup Bidder) by wire transfer or an endorsed bank or certified check at the Closing.

**viii.     Miscellaneous Terms of Sale and Credit Bidding**

39.     The Sale shall be without representations or warranties of any kind, nature, or description by the Trustee, its agents, or its representatives. The Properties shall be transferred "as is" and "where is."

40.     The Sale shall be subject to any existing rights of any lawful tenant(s) residing in a Property and the Properties shall be transferred subject to any such rights.

41.     All of the bankruptcy estate's right, title, and interest in and to each Property shall be assigned and sold pursuant to § 363(f) of the Bankruptcy Code free and clear of all Interests, which shall attach to the net proceeds received by the Trustee as a result of the Sale with the same nature, extent, validity and priority, subject to further order of the Bankruptcy Court.

42.     Unless otherwise indicated by the Trustee at the Auction, the Sale shall not include personal property, inventory, trade fixtures, or other furnishings or equipment located on or in any of the Properties, whether or not owned by the Trustee. The Trustee reserves the right either to sell such personal property to the Successful Bidder (or to any other party), to abandon

any or all of the personal property, or to make such other arrangements as may be appropriate.

43.     All sales, transfer, and recording taxes, stamp taxes or similar taxes, if any, relating to the Sale or the sale of personal property of the Trustee in connection therewith shall be the sole responsibility of the Successful Bidder and shall be paid at the Closing.

44.     <u>The Trustee, at or before the Auction, may impose or modify the terms and conditions of the Sale and Auction and bidding process as he determines to be in the best interest of the bankruptcy estate, creditors, and other parties in interest.</u>

45.     As provided in § 363(k) of the Bankruptcy Code, with respect to "property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale and, if the holder of such claim purchase such property, such holder may offset such claim against the purchase price of such property."  The Bankruptcy Code does not define "for cause" in the context of limiting a lienholder's ability to credit bid its lien under § 363(k).  However, courts have found "cause" existed to deny a lienholder the ability to credit bid where, among other things, the lien at issue is in bona fide dispute.  *See generally In re Akard St. Fuels, L.P.*, No. CIV.A.3:01-CV-1927-D, 2001 WL 1568332, at *3 (N.D. Tex. Dec. 4, 2001).  The Trustee reserves all rights to petition the Court for an order limiting or precluding a claimed lienholder's ability to credit bid under § 363(k).  The Trustee will not seek or require any Deposit from a bona fide secured creditor who seeks to participate as a § 363(k) credit bidder in the Auction.

**B.     Notice of Sale and Sale Hearing**

46.     Subject to the Court's calendar, the Trustee requests that the Court schedule the Sale Hearing on **November 07, 2016, at 3:00 p.m. (prevailing Eastern Time).**

47.     The Trustee requests that the Court order that Objections to approval of the Sale of the Property must be in writing, state the basis of such objection with specificity, and be filed with this Court and served so as to be received on or before **November 03, 2016, by 4:00 pm** (prevailing Eastern Time) by Richard M. Goldberg, Esq., SHAPIRO SHER, 250 West Pratt Street, Suite 2000, Baltimore, MD 21201 (rmg@shapirosher.com), with copies to:

   a. Roger Schlossberg, 18421 Henson Boulevard, Suite 201, Hagerstown, MD 21742, trustee@schlosslaw.com and

   b. Gerard R. Vetter, Esq., Office of the United States Trustee, 101 West Lombard St., Suite 2625, Baltimore, MD 21201, Gerard.R.Vetter@usdoj.gov.

48.     The Trustee requests that the Court approve the form and manner of notice of the Sale and the Sale Hearing, substantially in the form attached hereto as _Exhibit 4_ (the "Sale Notice").  Within two (2) business days of the entry of the Bidding Procedures Order, the Trustee will serve the Sale Notice and any exhibits attached thereto on the following parties, and their counsel, if known, (collectively, the "Notice Parties") by first class mail, postage prepaid[8]:

   a. The Office of the United States Trustee;

   b. All entities known to have expressed a bona fide interest in acquiring any of the Properties;

   c. All entities that have filed a lift stay motion with respect to any of the Properties;

   d. Federal, state, and local taxing authorities with jurisdiction over the Trustee and the Properties;

   e. All known parties asserting liens of record on the Properties, including those reflected in _Appendix B_;

   f. All other parties that have requested notice pursuant to Fed. R. Bankr. P. 2002 as of the date prior to the date of entry of the Bidding Procedures Order; and

   g. Any known tenants of the Property who are or claim to be parties to a lease for such Property, and upon the address of each of the Properties noting "[NAME OF ANY KNOWN TENANT] OR CURRENT RESIDENT"

---

[8] As discussed _infra_, the Trustee will serve the Sale Motion and exhibits attached hereto upon the same parties and in the same manner.

49.    After the Trustee serves the Sale Notice as described *supra*, the Trustee shall promptly file a certificate of service with the Court certifying the completion of such service.

50.    The Sale Notice will provide that any party that has not received a copy of the Sale Motion or the Bidding Procedures Order that wishes to obtain a copy of such documents may make such a request, in writing, to Richard M. Goldberg, Esq., SHAPIRO SHER, 250 West Pratt Street, Suite 2000, Baltimore, MD 21201 (rmg@shapirosher.com).

51.    At the Sale Hearing, the Trustee will seek this Court's approval of the Sale of the Properties free and clear of all Interests, which Interests shall attach to the net proceeds received by the Trustee as a result of the Sale with the same nature, extent, validity and priority that they had as of the Petition Date, subject to further order of the Bankruptcy Court. The Trustee will present additional evidence, as necessary, at the Sale Hearing and submit that the Sale(s) is fair, reasonable, and in the best interest of the Debtor's estate.

## C.    Notice to Tenants

52.    As reflected in the list and description of the Properties attached hereto as *Appendix A*, the Trustee's present investigation indicates that many of the Properties may be subject to a residential lease agreement and/or are occupied by one or more tenants who may claim that an oral or written lease agreement exists and/or is a holdover tenant.

53.    In abundance of caution and in order to apprise any current tenants of this Sale Motion and the relief requested herein, the Trustee shall serve the Sale Motion by first class mail, postage prepaid, on each tenant as provided in ¶ 48(g) at the address of each Property listed in *Appendix A (these parties are included in the Notice Parties).*    In addition, the Sale Notice, attached hereto as *Exhibit 4*, shall be served by the Trustee within two (2) business days following the entry of the proposed Bidding Procedures Order in the same manner.    To the extent

any of the Properties contain more than one rental unit, the Trustee shall also post the Sale

Notice in a common and accessible area of the Property within two business days following the

entry of the proposed Bidding Procedures Orders.  The Trustee's transfer of any of the Properties

that may be subject to a lease will be transferred subject to whatever such tenant's rights may be

and thereafter borne by the buyer, as set forth in the Purchase Agreement(s).

**D.    Precautionary Notice Provided In Connection With District of Columbia Sale Act[9]**

54.    As reflected in *Appendix A*, many of the Properties are physically situated in the

District of Columbia.  The District of Columbia's Rental Housing Conversion and Sale Act (the

"Sale Act") provides, *inter alia*, a tenant with the "opportunity to purchase [a housing

accommodation][10]" as well as certain notification rights before the owner may sell the

accommodation.  D.C. Code § 42-3404.02(a).  By statutory exemption, a sale of a property

through a "bankruptcy sale" does not qualify as a "sale" within the meaning of the Sale Act.  *See

id.* § 42-3404.02(c)(2)(E).  The instant Sale Motion is a motion pursuant to, *inter alia*, § 363 of

the Bankruptcy Code, to dispose of the Properties and, therefore, is a "bankruptcy sale" within

the meaning of § 42-3404.02(c)(2)(E) of the D.C. Code.  Accordingly, any rights provided to

tenants under the Sale Act, including a right of first refusal, are inapplicable to the instant Sale

Motion and the Sale Act, as applicable nonbankruptcy law, expressly permits the sale of such

Properties free and clear of any tenant's interest under § 363(f)(1) of the Bankruptcy Code.

*Jones v. 133 Chesapeake St., LLC*, No. CV PJM 15-1695, 2016 WL 809201, at *1 n.1 (D. Md.

---

[9] There is no Maryland-law counterpart to the District of Columbia Sale Act.  The only potentially comparable statutory scheme is the Maryland Condominium Act, Md. Code Ann., Real Prop. § 11-101, *et seq.*, which does not require any particular notice under the present circumstances.

[10] "Housing accommodation" means "a structure in the District of Columbia containing 1 or more rental units and the appurtenant land."  D.C. Code § 42-3401.03(11).

Mar. 2, 2016) ("However, TOPA expressly provides that a bankruptcy sale does *not* constitute a "sale" under TOPA."); *In re 133 Chesapeake St., LLC*, Case No. 14-20894, Bankr. D. Md. Order Denying Motion for Reconsideration and/or Stay [Dkt. No. 109] (Moreover, the Movants cannot establish a likelihood of success on the merits considering the plain language of TOPA, which exempts from its reach any 'bankruptcy sale.'").

55.     The Sale Act also provides that though an owner of a property to be sold through a "bankruptcy sale" is not required to provide a tenant with written notice of the bankruptcy sale (*i.e.*, "Notice of Transfer"), the owner is to file a Notice of Transfer with the Mayor.  D.C. Code § 42-3404.02(d)(1)(B).  The Notice of Transfer is to be filed with the Mayor or designated District of Columbia government body "at least 90 days prior to the proposed date of transfer." *Id.* § 42-3404.02(d)(2).  However, as recognized by the Rental Conversion and Sale Administrator of the District of Columbia (who administers the Sale Act), the Sale Act's "90 day proposed transfer date requirement is preempted by federal bankruptcy law; a federal court is not compelled to observe the dictates of municipal tenant opportunity to purchase law and may issue its order as when [the] court deems appropriate."  *See Jones and King v. Schlossberg*, DR 2015-00020, Notice of Rejection, Tenant's Petition for Relief, attached hereto as *Exhibit 8*.

56.     As a result, the Trustee has no obligation under the Sale Act to provide notice to any tenant.  However, as discussed *supra*, the Trustee will make all reasonable efforts to provide notice to any tenants of the Sale Motion and the Sale Notice.

57.     The Trustee has also served a Notice of Transfer of the Properties on the D.C. Department of Housing and Community Development, Rental Conversion and Sale Division, in the form prescribed by the District of Columbia by commercial overnight courier with proof of delivery. A copy of the Notice of Transfer (without lengthy exhibits) is attached hereto as *Exhibit*

_9_.[11]  The Trustee may seek, if necessary, at the Sale Hearing, to request the Court to reduce the ninety (90) day notice period otherwise required by the Sale Act on grounds of federal preemption.  *See Md. Consumer Prot. Div. v. Evans Distrib. & Jewelers, Inc. (In re Evans Distrib. & Jewelers, Inc.)*, No. DKC 95-2640 (D. Md. Oct. 3, 1996), attached hereto as _Exhibit 10_.

## **AUTHORITY FOR REQUESTED RELIEF**

### A.    **The Proposed Sale Satisfies § 363(b) of the Bankruptcy Code**

58.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). This provision does not explicitly set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets prior to confirmation of a plan. However, courts have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the trustee.  *See, e.g.*, 3 COLLIER ON BANKRUPTCY ¶ 363.02[4] (16th ed. Rev. 2015); *In re Modanlo*, 412 B.R. 715, 732 (Bankr. D. Md. 2006) *subsequently aff'd*, 266 F. App'x 272 (4th Cir. 2008); *In re Fischer*, 03-13704, 2010 WL 2746329, at *10 (Bankr. D. Md. July 9, 2010).

59.     The Trustee submits that the decision to proceed with the Bidding Procedures and the Sale is based upon sound business judgment and should be approved. A trustee's showing of a sound business purpose need not be unduly exhaustive but, rather, a trustee is "simply required to justify the proposed disposition with sound business reasons."  *In re Baldwin United Corp.*, 43

---

[11] As represented in the Notice of Transfer, the Trustee shall serve a copy of this Sale Motion on the D.C. Department of Housing and Community Development, Rental Conversion and Sale Division promptly after filing with the Court.

B.R. 888, 906 (Bankr. S.D. Ohio 1984); *see also U.S. ex rel. Rahman v. Oncology Assocs., P.C.,* 269 B.R. 139, 161 (D. Md. 2001) (concluding that the "standard to be applied by a court in determining whether or not to approve the disposition of property is whether the trustee exercised sound business judgment" and that the court must determine "whether a 'sound business reason' exists for such action").

60.    Section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers to administer a case under the Bankruptcy Code. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Provided that a bankruptcy court does not employ its equitable powers in a manner that is divorced from the other provisions of the Bankruptcy Code or to issue orders outside the scope of title 11, the exercise of § 105(a) power is appropriate. *See Sindram v. U.S. Marshals Serv. (In re Sindram)*, 08-00559, 2010 WL 1611104, at *3 n.5 (Bankr. D.D.C. Apr. 20, 2010).

61.    Pursuant to § 105(a), a court may fashion an order or decree that helps preserve or protect the value of a debtor's assets. *See, e.g., Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *In re Final Analysis, Inc.*, 389 B.R. 449, 462 (Bankr. D. Md. 2008) ("Section 105(a) bestows broad equitable powers to enter any order or otherwise take action to curb abuses of the bankruptcy process and to preserve the integrity of the Bankruptcy Court.").

62.    The Trustee submits that ample business justification exists to sell the Properties pursuant to the Bidding Procedures. The prompt sale of the Properties presents the best opportunity to maximize its value for the Debtor's estate. The Properties were concealed from

the Trustee and creditors and are now part of the estate as a product of complex, lengthy litigation that resulted in favorable rulings for the Trustee. Accordingly, time is of the essence. The Trustee believes that the Bidding Procedures are the best method by which he can obtain the best price for the Properties and provide interested parties with accurate and reasonable notice of the Sale. The Bidding Procedures will allow the Trustee to conduct the sale process and Auction in a controlled, fair and open fashion that will encourage participation by financially capable bidders who demonstrate the ability to close a transaction. This process will thus increase the likelihood that the Trustee will receive the best possible consideration for the Properties by helping ensure a competitive and fair bidding process.

63.     The Trustee utilized a very similar process to that proposed in the instant Sale Motion with respect to the 2014 Sale, which the Court approved. The Trustee submits that the bidding and auction process implemented for the 2014 Sale yielded excellent results for the bankruptcy estate thereby providing the Trustee with additional confidence that a similar process will again benefit the estate.

64.     The notice procedures described in this Motion and in the Bidding Procedures Order are intended to adequately advise all potentially interested parties and parties who may be affected by the sales, including those who have previously expressed an interest in purchasing the Properties.

65.     The Trustee has articulated ample business justification for the Sale and, through the measures and safeguards proposed herein, has guaranteed adequate notice to all creditors, and the availability of a hearing on the Sale.

**B.      The Proposed Sale Satisfies § 363(f) of the Bankruptcy Code**

66.      Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property of the estate outside the ordinary course of business free and clear of "any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

> (1)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)      such entity consents;
>
> (3)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)      such interest is in bona fide dispute; or
>
> (5)      such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*See* 11 U.S.C. § 363(f); *In re Collins*, 180 B.R. 447, 450 (Bankr. E.D. Va. 1995) ("Section 363(f) is phrased in the disjunctive, such that only *one* of the enumerated conditions must be met in order for the Court to approve the proposed sale.") (emphasis in original); *In re Byrd*, 04-35620-TJC, 2007 WL 1485441, at *14 (Bankr. D. Md. May 18, 2007) *aff'd sub nom. Byrd v. Hoffman*, 417 B.R. 320 (D. Md. 2008) *aff'd sub nom. In re Byrd*, 331 F. App'x 212 (4th Cir. 2009).

67.      As provided in the list and description of the Properties attached hereto as *Appendix B*, certain Interests are asserted against certain of the Properties.  The Trustee proposes to sell the Properties free and clear of these and any other Interests pursuant to § 363(f), with such Interests to transfer and attach to the net proceeds of the Sale with the same validity, priority, extent, and effect that such Interests had as of the petition date.  As discussed herein and reflected in the Purchase Agreements, the Properties will be sold subject to any rights of any existing lawful tenants.

68.     At the Sale Hearing, the Trustee will demonstrate that one or more of the disjunctive elements of § 363(f) has been satisfied, such that the Sale should be approved free and clear of all Interests.

**C.     To the Extent Applicable, the Proposed Sale Satisfies § 363(h) of the Bankruptcy Code**

69.     Section 363(h) of the Bankruptcy Code provides that notwithstanding § 363(f), a trustee may sell "both the estate's interest, under [§ 363(b)], and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as tenant in common" if:

    (1)    partition in kind of such property among the estate and such co-owners is impracticable;

    (2)    sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the Interests of such co-owners;

    (3)    the benefit to the estate of a sale of such property free of the Interests of co-owners outweighs the detriment, if any, to such co-owners; and

    (4)    such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

70.     Section 363(h) provides a trustee with the ability to realize the value of a debtor's interest in jointly held property by permitting the trustee to liquidate such property upon satisfaction of the four aforesaid elements.  *See In re Ginn*, 186 B.R. 898, 902 (Bankr. D. Md. 1995).

71. To the extent applicable, at the Sale Hearing, the Trustee will demonstrate that the four elements of § 363(h) have been met, such that the Sale should be approved free and clear of any co-owner interest, if any, in the any of the Properties.

**D.     Creditor Wilson Judgment Lien Claim As To the Properties Is in Bona Fide Dispute**

72. Creditor Maria Theresa Wilson ("Creditor Wilson") recently filed an adversary proceeding against the Trustee and several other parties styled *Wilson v. Schlossberg, et al.*, Adv. Pro. No. 16-207-TJC (Bankr. D. Md.) [Dkt. No. 1] (the "Wilson Adversary").  In her Complaint, Creditor Wilson appears to request declaratory judgment that her judgment lien (i) attached to the Properties (or any Spoliation Properties) and (ii) is entitled to priority over any non-purchase money lien against the Properties (or any Spoliation Properties) that was recorded in the District of Columbia or Maryland after Creditor Wilson recorded her judgment lien against the Debtor. Creditor Wilson's judgment lien claim against the Properties is in bona fide dispute within the meaning of § 363(f)(4).  The Bankruptcy Code does not define "bona fide dispute", but courts have considered such a dispute to exist if "there is an objective basis for either a factual or legal dispute as to the validity of the asserted interest. This standard does not require that the Court resolve the underlying dispute or determine the probable outcome of the dispute, but merely whether one exists."  *See In re Taylor*, 198 B.R. 142, 162 (Bankr. D.S.C. 1996); *In re Collins*, 180 B.R. at 452.

73. The Trustee has filed an Answer and Counterclaim [Adv. Pro. No. 16-207, Dkt. No. 20] in which the Trustee, *inter alia*, denies that Creditor Wilson's judgment lien against the Debtor attaches to the Properties, which became property of the bankruptcy estate as a result of the Spoliation Judgment and related rulings.

E.     **The Sale is Proposed in Good Faith and Any Purchaser is Entitled to the Protections of § 363(m)**

74.     Section 363(m) of the Bankruptcy Code provides for certain protections to be provided to good faith purchasers of assets from debtors pursuant to § 363(b).  Section 363(m) states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

75.     Thus, where the purchase of assets is in good faith, § 363(m) protects parties from the consequences of the reversal or modification of an authorization of sale. While the Bankruptcy Code does not define "good faith", the Fourth Circuit has held that a good faith purchaser is "one who purchases the assets for value, in good faith, and without notice of adverse claims."  *Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1197 (7th Cir. 1978)).   To constitute lack of good faith, a purchaser's conduct in connection with the sale must usually amount to "fraud, collusion between the purchaser and other bidders or the trustee or an attempt to take grossly unfair advantage of other bidders."  *Id.* at 1024 (citing *In re Rock Indus.*, 572 F.2d at 1198); *In re Xact Telesolutions, Inc.*, CIV.A. DKC 2005-1230, 2006 WL 66665, at *5 (D. Md. Jan. 10, 2006). Due to the absence of a bright line test for good faith, the determination is based on the facts of each case, concentrating on the "integrity of [an actor's] conduct during the sale proceedings." *In re Pisces Leasing Corp.*, 66 B.R. 671, 673 (E.D.N.Y. 1986) (quoting *In re Rock Indus.*, 572 F.2d at 1198).

76.     The Trustee requests that the Court find at the Sale Hearing that the Successful Bidder(s) (and any proposed Backup Bidder(s)) is entitled to the protections of a good faith purchaser under § 363(m).  The Bidding Procedures are drafted to ensure that the Properties are sold only after the conclusion of a competitive bidding process open to all interested and capable purchasers. The bidding process bears the hallmarks of an arm's-length sale and the eventual Successful Bidder(s) should be afforded the protections of a good faith purchaser.  There is no evidence of fraud or collusion in the terms of the Bidding Procedures. At present time, no known potential bidder is an insider of the Debtor, as that term is defined in § 101(31) of the Bankruptcy Code, and all negotiations have been and will continue to be conducted on an arm's-length, good faith basis. With respect to the potential bidders, the Bidding Procedures are designed to ensure that no party is able to exert undue influence over the process.

**F.      Waiver of Stay Imposed by Bankruptcy Rule 6004(h)**

77.     The Trustee requests that the Sale Order be made effective immediately by providing that the stay under Bankruptcy Rule 6004(h) is waived and inapplicable with respect to the sale of the Properties.  The Bidding Procedures provide for a sale process that includes solicitation of potential purchasers and a due diligence period followed by competitive bidding. Under the schedule outlined in the Bidding Procedures, closing is to take place shortly following approval of the Sale.

78.     Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should order otherwise and eliminate or reduce the fourteen (14) day stay period, *Collier on Bankruptcy* suggests that the fourteen (14) day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 COLLIER ON BANKRUPTCY ¶ 6004.11, 6006.4 (16th ed. 2013).

Waiver of the stay will allow the Sale Order approving this Sale Motion to become effective immediately upon entry on the Court's docket so the Trustee can promptly complete the sale process and Closings outlined in the Bidding Procedures.

## NOTICE

79.    Notice of this Motion will be given to the Notice Parties and to such other parties as identified herein.

80.    As stated *supra*, the Trustee shall serve the Sale Motion on the Notice Parties promptly after filing and requests that the deadline for Objections to the relief requested in the Bidding Procedures Order, including approval of the Bidding Procedures, Purchase Agreement, and the form and manner of Notice of the Sale and Sale Hearing be set for twenty-one (21) days after service by 4:00 pm (prevailing Eastern Time); and (ii) schedule a hearing on the relief requested in the Bidding Procedures Order on **September 13, 2016, at 10:00 a.m.**

81.    In addition, the Sale Notice, attached hereto as *Exhibit 4*, shall be served by the Trustee within two (2) business days following the entry of the proposed Bidding Procedures Orders on the same parties, and their counsel, if known, as noted above.

82.    Further, as discussed herein, the Sale Motion shall be served on D.C. Department of Housing and Community Development, Rental Conversion and Sale Division.

83.    In light of the nature of the relief requested, the Trustee submits that no further notice is required.

## CONSULTANT FEE

84.     Pursuant to the Order Granting Chapter 11 Trustee's Application to Employ the Consultants [Dkt. No. 318], the Trustee has agreed, subject to further orders of the Court, to pay a fee to the Consultants equal to six percent (6%) of Gross Proceeds if such proceeds are $50,000 or greater or; (2) ten percent (10%) of Gross Proceeds if such proceeds are less than $50,000; (3) but if the Gross Proceeds are between $50,000 and $83,334, the Consultants' fee will be $5,000, plus a reimbursement of marketing costs and expenses related to the sale.  The Trustee will seek to pay the aforesaid fee to the Consultants from the proceeds of the Sale.[12]

WHEREFORE, the Trustee respectfully requests: (a) entry of the proposed Bidding Procedures Order, substantially in the form attached hereto; (b) entry of the Sale Order; and (c) such other and further relief as the Court deems just and proper.


Dated:  August 19, 2016                       /s/  Richard M. Goldberg
                                              Richard M. Goldberg, Bar No. 07994
                                              rmg@shapirosher.com
                                              Anastasia L. McCusker, Bar No. 29533
                                              alm@shapirosher.com
                                              Shapiro Sher Guinot & Sandler
                                              250 W. Pratt Street, Suite 2000
                                              Baltimore, MD 21201
                                              410-385-4274
                                              *Attorneys for Roger Schlossberg, Chapter 11 Trustee*

---

[12] The Trustee reserves all rights to recover costs and expenses under § 506(c) of the Bankruptcy Code.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 19th day of August, 2016, the foregoing Sale Motion was electronically filed with the Clerk of the Court using the CM/ECF system. Copies of the foregoing Sale Motion were served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

1329 Staples St. LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011

1428 Perry Place, LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011

1488 Morris Road LLC
1090 Vermont Avenue NW #910
Washington, DC  20005

1488 Morris Road LLC
719 Shakett Creek Drive
Nokomis, FL  34275-2252

1488 Morris Road LLC
c/o Kasey Edwards
8201 Corporate Drive, Suite 1140
Landover, MD  20785

1800 Fort Davis LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011

1828 18th Street LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011-1541

2103 Suitland Terrace, LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011-1541

219 Atlantic Street LLC
c/o Vincent L. Abell
6925 Fourth Street NW
Washington, DC  20012

277 Newcomb St., L.L.C.
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011-1541

2926 Partnership
c/o Vincent L. Abell
20 Ritchie Avenue #32
Takoma Park, MD  20910

2926 Partnership
6328 Eastern Avenue, NE
Washington, DC  20011-1541

3319 18th Place LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011

3473 23rd Street LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011-1541

3514 13th Street, LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011

3750 Bel Pre Road Builders LLC
c/o Marta Bertola
17111 Clear Creek Drive
Silver Spring, MD  20905

3450 Bel Pre Road Builders, LLC
7667 Maple Avenue
Takoma Park, MD  20912-5561

4428 Perry LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011

5118 Hanna , LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011-1541

532 Lebaum St LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011

6014 Prince George Street LLC
c/o Marta Bertola
7667 Maple Avenue
Takoma Park, MD  20912-5561

610 3rd Street LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011-1541

91 Elmira St. LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011-1541

Abell Family Partnership
7102 Wells Parkway
Hyattsville, MD  20782-1041

Abell Family Partnership
Brian P. Murphy, Esquire
Griffin, Murphy, Modenhauer
  & Wiggins
1912 Sunderland Place
Washington, DC  20036-1608

Access National Bank
1800 Robert Fulton Drive, Suite 310
Reston, VA  20191-4346

40

Advanta Bank Corporation
c/o Resurgent Capital Services
PO Box 10368
Greenville, SC  29603-0368

AG & Son Maintenance Services, LLC
5014 37th Place
Hyattsville, MD  20782

Alan D. Eisler
Eisler Hamilton, LLC
6110 Executive Blvd., Suite 230
Rockville, MD  20852-3934

Alexandra Abell
17111 Clear Creek Drive
Silver Spring, MD  20905-5149

American Security, LLC
Brian P. Murphy, Esquire
1912 Sunderland Place NW
Washington, DC  20036-1608

American Security, LLC
6328 Eastern Avenue, NE
Washington, DC  20011-1541

America's Servicing Company
PO Box 10335
Des Moines, IA  50306

America's Servicing Company
PO Box 10388
Des Moines, IA  50306-0388

American Trust, LLC
c/o James M. Greenan and Leah V.
Lerman
6411 Ivy Lane, Suite 200
Greenbelt, MD  20770-1405

American Trust, LLC
c/o Marta Bertola
6328 Eastern Avenue, NE
Washington, DC  20011-1541

Amy Parsons
6115 Steve Street
Salisbury, MD  21804-1422

Amy Parsons and David J. Parsons
c/o Michael Gregg Morin
PO Box 778
Severn, MD  21144-0778

Andria Taylor
PO Box 778
Severn, MD  21144-0778

ANND LLC Series A
11 Dupont Circle, NW, Suite 750
Washington, DC  20036-1211

Antoinette Williams
or Current Resident
3122 10th Street, NE
Washington, DC  20017

Antonio Conreras
or Current Resident
3514 13th Street, Unit 21
Washington, DC  20010

Armado Folgar
or Current Resident
3514 13th Street, Unit 11
Washington, DC  20010

Asset Lending Corporation
7102 Wells Parkway
Hyattsville, MD  20782-1041

Asset Lending Corporation
c/o John T. Szymkowicz
2300 N Street, NW, #5310
Washington, DC  20037

Augustus  T. Curtis
Cohen, Baldinger & Greenfeld, LLC
2600 Tower Oaks Blvd., Suite 103
Rockville, MD  20852-4281

Bank of America
P.O. Box 31785
Tampa, FL  33631-3785

Bank of America, N.A.
c/o Wells Fargo
Attn:  Bankruptcy Dept. MAC #D3347-014
3476 Stateview Blvd.
Fort Mill, SC  29715-7203

Bank of America, N.A.
c/o Ocwen Loan Servicing, LLC
Attn:  Bankruptcy Department
PO Box 24605
West Palm Beach, FL  33416-4605

Barbara Abrams Revocable Trust
Barbara Abrams, Trustee
14800 Blackburn Road
Burtonsville, MD  20866

Bayron Robles
or Current Resident
3750 Bel Pre Road, #8
Aspen Hill, MD  20906

Bernisha Moore
or Current Resident
4600 Hillside Road, SE
Washington, DC  20019

Bierman, Geesing, Ward & Wood, LLC
4520 East West Highway, Suite 200
Bethesda, MD  20814

Billy B. Ruhling II
DiMuro Ginsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314-2956

Black Creek Consulting, Ltd.
P.O. Box 422
Crownsville, MD  21032

Branch Banking and Trust Company
200 W 2nd Street
Winston Salem, NC  27101

Branch Banking and Trust Company
45 West Main Street
Westminster, MD  21157
Attn:  Judith Barnett, Senior Vice
President

Branch Banking and Trust Company
445 Dexter Avenue, Suite 8000
Montgomery, AL  36104
Attn:  John E. Beasley

Branch Banking and Trust Company
7200 Bank Court
Frederick, MD  21703
Attn:  Jill Dumas

Branch Banking and Trust Company
1909 K Street, NW
Washington, DC  20006

Branch Banking and Trust Company
c/o Ronald B. Katz, Esquire
11403 Conridge Drive, Suite 230
Owings Mills, MD  21117-2219

Branch Banking and Trust Company
c/o Shaan S. Chima, Esq.
Gebhardt & Smith LLP
Seven St. Paul Street, Suite 2200
Baltimore, MD  21202-3281

Brian C. McNair
Covahey, Boozer, Devan & Dore, P.A.
11350 McCormick Road
Executive Plaza III, Suite 200
Hunt Valley, MD  21031-1002

Brian T. Gallagher
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, 4th Floor
Annapolis, MD  21401-2848

Brigadoon Homeowners Association, Inc.
Attn:  Charles Morrison, President
c/o Michael H. Mannes, P.A.
1 East Franklin Street
Baltimore, MD 21202

Bronte Abell
17111 Clear Creek Drive
Silver Spring, MD  20905-5149

Caniss Construction Inc.
2205 Saranac Street
Hyattsville, MD 20783-2168

Capital Bank, NA
One Church Street, Suite 300
Rockville, MD  20850-4190

Carroll Robinson
6623 Jacks Court
Mt. Airy, MD  21771-7305

Cassandra L. Tharrington
or Current Resident
6014 Prince George Street
Gwynn Oak, MD  21207

Catherine Stavlas
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD  20770-6305

Chanel Johnson
or Current Resident
3473 23rd Street, SE, DC
Washington, DC  20020

Chase Home Finance LLC
343 Thornall Street, Suite 7
Edison, NJ  08837

Charlotte Funnell
or Current Resident
1605 D Street, SE
Washington, DC  20003

Chrischanne D. McPhatter
or Current Resident
3319 18th Place, SE
Washington, DC  20020

Christian Abell
1711 Clear Creek Drive
Silver Spring, MD  20905-5149

Columbia Security, LLC
6328 Eastern Avenue NE
Washington, DC 20011-1541

Commonwealth Mortgage
Corporation of America
2223 West Loop South, Suite 800
Houston, TX  77027

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD  21201-2305

Cristino Gonzalez
2205 Saranac Street
Hyattsville, MD  20783-2168

Daniel A. Glass
Eckert Seamans Cherin & Mellott
1717 Pennsylvania Avenue, NW, 12th
Floor
Washington, DC  20006-4614

Danielle Ford
or Current Resident
277 Newcomb Street, SE
Washington, DC  20032

David A. Shames TTEE David A.
Shames 401(k) #65962
c/o Equity Trust Company
225 Burns Road
Elyria, OH  44035

David A. Shames
2311 Oak Drive
Ijamsville, MD  21754-8641

David H. Cox and Christine K.
Gregory-Cox
c/o Jackson & Campbell
1120 Twentieth Street, NW
South Tower #300S
Washington, DC  20046-3437

David J. Parsons
130 Sandalwood Court
Walkersville, MD  21793-8150

David J. Shuster, Esq.
Jean Evelyn Lewis, Esq.
Catherine Manofsky, Esq.
Justin A. Redd, Esq.
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD  21202-3291

Destiny Shepherd
or Current Resident
4600 Hillside Road, SE
Washington, DC  20019

Deutsche Bank National Trust Company
c/o BWW Law Group, LLC
4520 East West Highway, Suite 200
Bethesda, MD 20814-3382

Deutsche Bank National Trust
Company Americas as Trustee for
RALI 2004-QS1
60 Wall Street, 37th Floor
New York, NY  10005

Deutsche Bank National Trust Company
c/o America's Servicing Company
Attn:  Bankruptcy Department
3476 Stateview Blvd.
MAC #D3347-014
Fort Mill, SC  29715-7203

Deutsche Bank National Trust Company
c/o Wells Fargo Home Mortgage
Attn:  Bankruptcy Department
MAC #D33
3476 Stateview Blvd.
Fort Mill, SC  29715-7203

Deutsche Bank National Trust Company
c/o Mark Wittstadt and Gerard Wm.
Wittstadt, Jr., Substitute Trustees
Morris|Schneider|Wittstadt, LLC
9409 Philadelphia Road
Baltimore, MD  21237

Deutsche Bank National Trust Company
Trustee of the ABFC 2004-HE1 Trust
Trustee for Morgan Stanley Mortgage
Loan Trust 2005-2AR
1761 East Saint Andrew Place
Santa Ana, CA  92705-4934

Deutsche Bank National Trust
Company, Trustee for the Holders of
the CDC Mortgage Capital Trust 2003-
HE1 Mortgage Pass-Through
Certificates, Series 2003-HE1
c/o Select Portfolio Servicing, Inc.
3815 Southwest Temple
Salt Lake City, UT  84115

Devin Merritt
or Current Resident
5813 4th Street, NW
Washington, DC  20011

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH  43054-3025

D.C. Dept. of Public Works
Solid Waste Management
Administration
2800B New York Avenue, NE
Washington, DC  20002

D.C. Office of Planning
1100 4th Street, SW, #E560
Washington, DC  20024-4451

D.C. Treasurer
1101 4th Street, SW, Suite W270
Washington, DC  20024-4457

District of Columbia
Department of Housing and
Community Development
Rental Conversion and Sale Division
1800 Martin Luther King, Jr. Ave., S.E.
Washington, D.C. 20020

District of Columbia
Office of the Chief Financial Officer
Office of Tax and Revenue
941 North Capitol Street, NE
Washington, DC  20002

District of Columbia
Office of Tax and Revenue
441 4th Street, NW
Washington, DC  20001-2714

District of Columbia
Water and Sewer Authority
810 First Street, NE
Washington, DC  20002

District of Columbia
Water and Sewer Authority
5000 Overlook Avenue SW
Washington DC 20032

Dominick Lewis
or Current Resident
5813 4th Street, NW
Washington, DC  20011

Douglas Taphouse
or Current Resident
610 Bennington Drive
Silver Spring, MD  20910

EagleBank
c/o Michael J. Lichtenstein, Esquire
Shulman, Rogers, Gandal, Pordy & Ecker
12505 Park Potomac Ave., 6th Floor
Potomac, MD  20854

Elizabeth Barfield
or Current Resident
1239 Savannah Place, SE
Washington, DC  20032-4546

Elmwood Condo Association
6325 Woodside Court, Suite 230
Columbia, MD  21046-1056

Elvira Sharon Gomillion
c/o Heather L. Gomes, Esq.
Legal Air Bureau, Inc.
6811 Kenilworth Ave., Ste 500
Riverdale, MD  20737-1318

Eric Lyman
or Current Resident
3514 13th Street, Unit B3
Washington, DC  20010

Fairfax Village 1 Condominium
Association
c/o Fairfax Village Community
Association
3909 A Pennsylvania Avenue, SE
Washington, DC  20020

Fairways Condominium
c/o Pickett & Oliverio, LLP
16701 Melford Blvd., Suite 125
Bowie, MD  20715

Federal National Mortgage Association
141221 Dallas Parkway, Suite 100
Dallas, TX  75254

Fela Bertola
46 Alpine Drive
Morganville, NJ  07751-1276

Fela Bertola
c/o Marta Bertola
17111 Clear Creek Drive
Silver Spring, MD  20905-5149

First Union National Bank of Maryland
c/o Richard T. Arrowsmith, Vice
President
1970 Chain Bridge Road, 11th Floor,
South Tower
McLean, VA  22017

Frank Tippett Partnership
c/o Marta Bertola, Agent
7102 Wells Parkway
Hyattsville, MD  20782

Gerald R. Vetter, Esq
U.S. Department of Justice
101 West Lombard Street
Suite 2625
Baltimore, MD  21201

GMAC Mortgage, LLC
Attn:  Bankruptcy Department
1100 Virginia Drive
Fort Washington, PA  19034-3204

HAP DC
D.C. Dept. of Housing and Community
Development
1800 Martin Luther King Avenue SE
Washington, DC  20020

Haydee Pacheco
or Current Resident
3750 Bel Pre Road, #8
Aspen Hill, MD  20906

Hedwig, Karen, and Mark Cissel
2005 Prichard Road
Silver Spring, MD  20902-3621

Hedwig, Karen, and Mark Cissel
c/o Michael Gregg Morin
PO Box 778
Severn, MD  21144-0778

Helen Veronica Hall
or Current Resident
912 Barnaby Street, Unit 101
Washington, DC  20032

Ikea Green
or Current Resident
2928 K Street, SE, Unit 3
Washington, DC  20019

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

J. Paul McNamara
James G. Tardiff, Trustees
SequoiaBank
Two Bethesda Metro Center
Suite 1500
Bethesda, MD  20814

Jack Binder
or Current Resident
2928 K Street, SE, Unit 1
Washington, DC  20019

Jacqueline Toth
or Current Resident
3514 13th Street, Unit 24
Washington, DC  20010

Jaime Sandoval
or Current Resident
3514 13th Street, Unit 13
Washington, DC  20010

James E. Abell
c/o Brian P. Murphy, Esquire
Griffin, Murphy
1912 Sunderland Place NW
Washington, DC  20036-1608

James Esten Abell
7102 Wells Parkway
Hyattsville, MD  20782-1041

James M. Loots
Law Office of James M. Loots PC
634 G Street SE, Suite 200
Washington, DC  20003-2728

Jeanne M. Crouse, Esq.
Office of the US Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD  20770-6305

Jeffrey A. Welch
Peter J. Ponne, Trustees
120 E. Baltimore Street
Baltimore, MD  21202

Jocelyn Cordice Basnett
1416 Half Street, NW
Washington, DC  20024

John A. Moffet, Jr., Trustee
10680 Main Street, Suite 205
Fairfax, VA  22030

John Thomas Szymkowicz, Esq.
Szymkowicz & Szymkowicz, LLP
2300 N Street, N.W., Suite 5310
Washington, DC  20037-1122

John Thomas Szymkowicz, Esq.
Szymkowicz & Szymkowicz, LLP
PO Box 57333
Washington, DC  20037-0333

Jorden Burt LLP
1025 Thomas Jefferson St., NW
Suite 400 East
Washington, DC  20007-5201

Jorden Burt LLP
c/o Raul A. Cuervo, Esquire
777 Brickell Avenue, Suite 500
Miami, FL  33131-2803

JPMorgan Chase Bank, N.A.
3415 Vision Drive
Mail Code: OH4-7126
Columbus, OH  43219-6009

JPMorgan Chase Bank, N.A.
Attn:  Correspondence Mail
Chase Records Center
700 Kansas Lane, Mail Code LA4-5555
Monroe, LA  71203-4774

JPMorgan Chase Bank, N.A.
c/o BWW Law Group, LLC
4520 East West Highway, Suite 200
Bethesda, MD  20814-3382

Karla Turclos
or Current Resident
3514 13th Street, Unit 23
Washington, DC  20010

Kasey Edwards, Esq.
Gillman & Edwards, LLC
8401 Corporate Drive, #450
Hyattsville, MD  20785

Ke Chen
or Current Resident
3507 Duke Street
College Park, MD  20740

Kelly Natasha Taylor
or Current Resident
2926 K Street, SE, Unit 3
Washington, DC  20019

Kevin M. Tabe
Tabe and Associates, PC
7676 New Hampshire Ave., Suite 307C
Takoma Park, MD  20912-7515

Kevin R. Feig
BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, MD  20852-3813

Kimberly Better
or Current Resident
712 Bonini Road, SE
Washington, DC  20032

Kristen E. Burgers
8270 Gresham Place, NW
Washington, DC  20001

Kristen E. Burgers
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102-3835

Kristine and Juan Abellanas
or Current Resident
1605 D Street, SE
Washington, DC  20003

La'chonne Leach
or Current Resident
91 Elmira Street, SW
Washington, DC  20032

Lanette Bradford
or Current Resident
5118 Hanna Place, SE
Washington, DC  20019

Lanita L. Williams
or Current Resident
3000 7th Street, NE, #121
Washington, DC  20017

Laterrica Goodwin
or Current Resident
1656 40th Street, SE
Washington, DC  20020

Latisa Parker
or Current Resident
4600 Hillside Road, SE
Washington, DC  20019

Latonya Jackson
or Current Resident
2103 Suitland Terrace, SE #201
Washington, DC  20020

Laurence Paradis, Trustee
2311 Oak Drive
Ijamsville, MD  21754

Lawrence A. Katz, Esq.
Hirschler Fleischer
8270 Greensboro Drive, Suite 700
Tysons Corner, VA  22102

Lawrence B. Manley
700 12th Street, NW
Suite 700
Washington, DC 20005-4052

Lawrence and Deborah Novakowski
or Current Resident
1803 Fawn Way
Finksburg, MD 21048

Leopoldo Salvador Contreras
or Current Resident
3514 13th Street, Unit 21
Washington, DC 20010

Linda D. Johnson Butler
or Current Resident
3319 18th Place, SE
Washington, DC 20020

Lisa Brinkley
or Current Resident
4600 Hillside Road, SE
Washington, DC 20019

Lorena Carmen Garza Medina
or Current Resident
3514 13th Street, Unit 22
Washington, DC 20010

Luis Flores
or Current Resident
3514 13th Street, Unit 23
Washington, DC 20010

LSCG Fund 29, LLC
13949 Ventura Blvd., Suite 300
Sherman Oaks, CA 91423-3570
Attn: Luke Dixon

Maria Antonopolous
6054 33rd Streetm #2F
Astoria, NY 11102-1514

Maria Antonoupolos
c/o James M. Greenan
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770-1405

Maria Taylor
Andria Taylor
c/o Michael Gregg Morin
PO Box 778
Severn, MD 21144-0778

Maria D. Taylor
6904 Decatur Place
Hyattsville, MD 20784-1526

Maria-Theresa Wilson
c/o Randall C. Ogg, Esquire
1150 Connecticut Ave., NW
Suite 900
Washington, DC 20036-4129

Maria-Theresa Wilson
1310 Decatur Street, NW
Washington, DC 20011-4434

Marjorie Alexander
5312 James Place
Washington, DC 20019-7023

Mark J. Friedman
DLA Piper LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3635

Mark S. Devan
11350 McCormick Road
Executive Plaza III, Suite 200
Hunt Valley, MD 21031-1002

Marta Bertola
7102 Wells Parkway
Hyattsville, MD 20782

Marta Bertola or
Current Resident
17111 Clear Creek Drive
Silver Spring, MD 20905-5149

Martin Stuart Goldberg
The Fisher Law Group PLLC
9440 Pennsylvania Ave., Suite 350
Upper Marlboro, MD 20772-3659

Martina L. Johnson
or Current Resident
2228 16th Street, NE
Washington, DC 20002

Mauro Contreras
or Current Resident
3514 13th Street, Unit B1
Washington, DC 20010

Michael Gregg Morin, Esq.
P.O. Box 778
Severn, MD 21144-0778

Michael J. Lichtenstein
Shulman Rogers Gandal Pordy &
Ecker, PA
12505 Park Potomac Avenue, 6th Floor
Potomac, MD 20854-6803

Michael Kokesh, Trustee
2311 Oak Drive
Ijamsville, MD 21754

Michael T. Cantrell
McCabe, Weisberg & Conway, PC
312 Marshall Ave., Suite 800
Laurel, MD 20707-4808

Michael W. Clarke
Robert C. Shoemaker, Trustees
Access National Bank
1800 Robert Fulton Drive, Suite 310
Reston, VA 20191

Mike Williams
or Current Resident
10606 Frank Tippett Road
Cheltenham, MD 20623

Milan Zhang
or Current Resident
3507 Duke Street
College Park, MD 20740

Mirna Elizabeth Urquilla Morena
or Current Resident
3514 13th Street, Unit 14
Washington, DC 20010

Modern Management Company
Employee Benefit Trust
6328 Eastern Avenue NE
Washington, DC 20011-1541

Mostafa B. Fallakkhail
2 Travilah Terrace
Potomac, MD 20854-1042

Mt. Airy Apartments LLC
c/o John T. Szymkowicz
2300 N Street, NW, #5310
Washington, DC 20037-1122

Mt. Airy Apartments LLC
7102 Wells Parkway
Hyattsville, MD 20782-1041

Mt. Zion Village Partnership
c/o John T. Szymkowicz
2300 N Street, NW, #5310
Washington, DC 20037-1122

Mt. Zion Village Partnership
7102 Wells Parkway
Hyattsville, MD 20782-1041

Nancy Alper
Office of Attorney General for D.C.
441 4th Street, NW, Suite 1010S
Washington, DC 20001-2714

Nationstar Mortgage LLC
Richard J. Rogers
600 Baltimore Avenue
Towson, MD 21204-4034

Nicholas Jackson
or Current Resident
2928 K Street, SE, Unit 1
Washington, DC 20019

Nicole Williams
or Current Resident
1239 Savannah Place, SE
Washington, DC 20032-4546

Norwest Financial Leasing, Inc.
1300 Spring Street
Silver Spring, MD 20910

Ocwen Loan Servicing, LLC
Attn: Bankruptcy Dept.
PO Box 24605
West Palm Beach, FL 33416-4605

Ocwen Loan Servicing, LLC
Attn: Bankruptcy Dept.
1100 Virginia Drive
Fort Washington, PA 19034-3204

Ocwen Loan Servicing, LLC
Attn: Payment Processing
3451 Hammond Avenue
Waterloo, IA 50702-5345

ParenteBeard LLC
1637 Thames Street
Baltimore, MD 21231

Parkview Towers, LLC
c/o John T. Szymkowicz
2300 N Street, NW, #5310
Washington, DC 20037-1122

Parkview Towers, LLC
7102 Wells Parkway
Hyattsville, MD 20782-1041

Petworth Heights L.L.C.
6328 Eastern Avenue, NE
Washington, DC 20011

Philip James McNutt, Esq.
Hughes & Bentzen, PLLC
1100 Connecticut Avenue, NW
Suite 340
Washington, DC 20036-4139

Phyllis D. Day
2020 E Street, NE
Washington, DC 20002

Phoenix Real Estate LLC
6328 Eastern Avenue, NE
Washington, DC 20011-1541

Pooya Tavakol
Buonassissi, Henning & Lash, P.C.
1861 Wiehle Avenue, Suite 300
Reston, VA 20190-5255

Rachael Gross
or Current Resident
610 Bennington Drive
Silver Spring, MD 20910

Rafael E. Ramirez Nova
or Current Resident
3514 13th Street, Unit 12
Washington, DC 20010

Randa S. Azzam
Samuel I. White, P. C.
611 Rockville Pike, Suite 100
Rockville, MD 20852-1178

Randell C. Ogg, Esq.
The Law Offices of Randell C. Ogg
1150 Connecticut Avenue, N.W.,
Suite 900
Washington, DC 20036

Raul A. Cuervo, Esquire
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131-2803

Redemptor Litium, LLC
Law Office of James M. Loots, PC
634 G Street, SE, Suite 200
Washington, DC 20003-3728

Regions Bank
c/o Jayna P. Lamar
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203-4604

Renee O. Dyson
Atlantic Law Group, LLC
PO Box 2548
Leesburg, VA 20177-7754

Reverse Mortgage Solutions, Inc.
1861 Wiehle Avenue, Suite 300
Reston, VA 20190-5255

Richard A. Lash
1861 Wiehle Avenue, Suite 300
Reston, VA 20190-5255

Richard E. Hagerty
Troutman Sanders LLP
1850 Towers Crescent Plaza
Suite 500
Tysons Corner, VA 22182-6228

Richard M. McGill, Esq.
Law Offices of Richard M. McGill
P.O. Box 358
5303 West Court Drive
Upper Marlboro, MD 20772-3049

Rita Williams
or Current Resident
1239 Savannah Place, SE
Washington, DC 20032-4546

Robby Preston
or Current Resident
5118 Hanna Place, SE
Washington, DC 20019

Robert S. Greenlief, Trustee
10680 Main Street, Suite 205
Fairfax, VA 22030

Robert Norman Levin, Esq.
Robert N. Levin, P.C.
9801 Washingtonian Blvd., Suite 750
Gaithersburg, MD 20878-5786

Roger Schlossberg, Esq.
Schlossberg & Mastro
18421 Henson Boulevard, Suite 201
Hagerstown, MD 21742-1392

Rozetia Morris
or Current Resident
3453 23rd Street, SE
Washington, DC 20020

RREF ST-DC TOS, LLC
790 NW 107 Avenue, Suite 400
Miami, FL 33172

Russell S. Drazin, Trustee
1120 Twentieth Street, NW
Washington, DC 20036-3437

Sasscer Clagett & Bucher
5407 Water Street, Suite 101
Upper Marlboro, MD 20772-3048

Scott C. Borison
5235 Westview Drive, Suite 100
Frederick, MD 21703-8397

Scott R. Browning, Trustee
6970 Silent Dell Lane
Columbia, MD 21044

Scott R. Browning and/or
James R. Carlin, Jr., Trustees
c/o Capital Bank, N.A.
One Church Street, Suite 300
Rockville, MD 20850

Scott R. Robinson
BP Fisher Law Group
174 Waterfront Street, Suite 400
Oxon Hill, MD 20745-1154

Scott Silverman
7226 Lee DeForest Drive
Columbia, MD 21046-3239

Secretary of the Treasury
15th and Pennsylvania Avenue, NW
Washington, DC 20220-0001

Select Portfolio Servicing, Inc.
3518 S. West Temple
Salt Lake City, UT 84115

Seth Slomovitz
11 Dupont Circle, NW, Suite 750
Washington, DC 20036-1211

Shaan S. Chima, Esq.
Gebhardt & Smith, LLP
One South Street, Ste. 2200
Baltimore, MD 21022-3281

Sharon D. Vest
or Current Resident
1329 Staples Street, NE
Washington, DC 20002-3925

Sheneil Christian
or Current Resident
1404 Tuckerman Street, NW, Unit 2
Washington, DC 20011

Shirley C. Gordon
or Current Resident
8334 Scotts Level Road
Baltimore, MD 21208

Silvia Yisley
or Current Resident
3514 13th Street, Unit B2
Washington, DC 20010

Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, CO 80129-2386

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2225

Stefon Alexander
or Current Resident
2928 K Street, SE, Unit 2
Washington, DC 20019

Stephen Shames
1437 Klamath River Drive
Rancho Cordova, CA 95670-2849

Stephen Shames
8110 Andante Drive
Citrus Heights, CA 95621

Stout Risius Ross, Inc.
100 International Dr., 23rd Floor
Baltimore, MD 21202-4737

SunTrust Bank
Attn: Michael J. Gaffney, Vice
President
8245 Boone Boulevard, 8th Floor
Vienna, VA 22182-3871

Superintendent of Corporations
DCRA
1100 4th Street, SW, #E650
Washington, DC 20024

Sylvia Spears
or Current Resident
3351 Clay Place, NE
Washington, DC 20019

Taxing Authority of Montgomery
County
Division of Treasury
255 Rockville Pike, Suite L-15
Rockville, MD 20850-4188

The Bank of New York Mellon
  Trust Company
c/o Ocwen Loan Servicing, LLC
1100 Virginia Drive, Suite 175
Ft. Washington, PA 19034-3204

The Bank of New York Mellon
  Trust Company
c/o Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
PO Box 24605
West Palm Beach, FL 33416-4605

The Bank of New York Mellon
  Trust Company, NA
PO Box 2548
Leesburg, VA 20177-7754

The People's Bank of Arlington Heights
c/o Caren A. Lederer
Golan & Christie
70 W. Madison Street, Suite 1500
Chicago, IL 60602-4265

The Phoenix Real Estate 2, LLC
6328 Eastern Avenue NE
Washington, DC 20011-1541

Todd M. Brooks, Esq.
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street
Baltimore, MD 21202-1697

United Auto Credit Corp.
PO Box 9945
Newport Beach, CA 92658

U.S. Attorney-District of MD
36 South Charles Street, 4th Floor
Baltimore, MD 21201-3119

U.S. Bank, N.A.
c/o Brian T. Gallagher, Esq.
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, 4th Floor
Annapolis, MD 21401-2848

U.S. Securities and Exchange
Commission
Altlanta Reg Office and Reorg
950 E Paces Ferry Road, NE
Suite 900
Atlanta, GA 30326-1382

U.S. Trustee – Greenbelt 11
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770-6305

Vernell Johnson
or Current Resident
611 18th Street, NE
Washington, DC  20002

Vincent L. Abell
20 Ritchie Avenue #32
Takoma Park, MD  20910

Vincent Abell
Managing Partner
Bay Creek Landing Partnership
20 Ritchie Avenue #32
Takoma Park, MD  20910

Vuido Tinsley
or Current Resident
4600 Hillside Road, SE
Washington, DC  20019

Washington Gas
Bankruptcy Department
6801 Industrial Road, Room 320D
Springfield, VA  22151-4205

Wachovia Mortgage Corporation
1100 Corporate Center Drive – NC4723
Raleigh, NC  27607-5066

Washington Mutual Bank, F.A.
c/o Bierman, Geesing, Ward &
   Wood, LLC
4520 East West Highway, Suite 200
Bethesda, MD  20814

WCP DC23 Holdings, LLC
c/o William W. Waller, Esq.
5101 Wisconsin Avenue, NW
Suite 210
Washington, DC 20016-4137

Wells Fargo Bank, N.A.
c/o Wells Fargo Home Mortgage
Attn:  Bankruptcy Dept.
MAC #D3347-014
3476 Stateview Blvd.
Fort Mill, SC  29715-7203

Wells Fargo Bank, N.A.
1 Home Campus
MAC X2303-01A
Des Moines, IA  50328-0001

Wells Fargo Bank, NA
c/o Covahey, Boozer, Devan and Dore,
P.A.
Attn:  Brian McNair
11350 McCormick Road
Executive Plaza III, Suite 200
Hunt Valley, MD  21031-1002

Wells Fargo Home Mortgage
d/b/a Americas Servicing Company
PO Box 10335
Des Moines, IA  50306-0335

Wells Fargo Bank, N.A.
MAC: X9999-018
PO Box 1629
Minneapolis, MD  55440-9790

William Carpenter
or Current Resident
2926 K Street, SE, Unit 1
Washington, DC  20019

William Clayton, III
or Current Resident
5813 4th Street, NW
Washington, DC  20011

William Glenn Merten
Carlton Fields Jorden Burt, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC  20007-5201

William Harris
or Current Resident
5813 4th Street, NW
Washington, DC  20011

William McFadden, Jr.
c/o Bernard A. Gray, Sr., Esq.
2009 18th Street, SE
Washington, DC  20006-4201

William R. Feldman
Feldman & Associates, P.C.
451 Hungerford Drive, Suite 210
Rockville, MD  20850-5124

Yolanda Smith
or Current Resident
2926 K Street, SE, Unit 2
Washington, DC  20019

Yihan Zhao
or Current Resident
3507 Duke Street
College Park, MD  20740

Zhibin He
or Current Resident
3507 Duke Street
College Park, MD  20740

Ze Yuan
or Current Resident
3507 Duke Street
College Park, MD  20740

/s/ *Richard M. Goldberg*
Richard M. Goldberg

## APPENDIX A

| Property Number | Property Address | Property Description | Tenant (s) |
|---|---|---|---|
| 1 | 17111 Clear Creek Drive Silver Spring, (Montgomery County) MD 20905 | 5 Bedrooms, 6.5 Baths | Marta Bertola |
| 2 | 2103 Suitland Terrace, SE, #201 Washington, DC 20020 | 1 Bedroom, 1 Bath | Latonya Jackson |
| 3 | 277 Newcomb St., SE Washington, DC 20032 | 4 Bedrooms, 2 Baths | Danielle Ford |
| 4 | 3000 7th St., NE, #121 Washington, DC 20017 | Studio, 1 Bath | Lanita L. Williams |
| 5 | 3514 13th St., NW Washington DC 20010 | 11-Unit Building | Several[13] |
| 6 | 3750 Bel Pre Road, #8 Aspen Hill, (Montgomery County) MD 20906 | 1 Bedroom, 1 Bath | Haydee Pacheco Bayron Robles |
| 7 | 5118 Hanna Place, SE Washington, DC 20019 | 4 Bedrooms, 2 Baths | Robby Preston, Lanette Bradford |
| 8 | 6014 Prince George St. Gwynn Oak, (Baltimore County) MD 21207 | 3 Bedrooms, 2 Baths | Cassandra L. Tharrington |
| 9 | 1605 D Street, SE Washington, DC 20003 | 2 Units, 3 Bedrooms, 1 Bath (upstairs) and 1 Bedroom, 1 Bath (downstairs) | Kristine Abellanas Juan Abellanas Charlotte Funnell |
| 10 | 3122 10th Street, NE Washington, DC 20017 | 3 Bedrooms, 1.5 Baths | Antoinette Williams |
| 11 | 912 Barnaby Street, Unit 101 Washington DC, 20032 (910-916 Barnaby Street, SE Washington DC, 20032 P-36) | 2 Bedrooms, 1 Bath, (Parking Space) | Helen Veronica Hall |

---

[13] Armado Folgar (Unit 11); Rafael E. Ramirez Nova (Unit 12) ; Jaime Sandoval (Unit 13); Mirna Elizabeth Urquilla Morena (Unit 14); Leopoldo Salvador Contreras (Unit 21); Antonio Conreras (Unit 21); Lorena Carmen Garza Medina (Unit 22); Luis Flores (Unit 23); Karla Turclos (Unit 23); Jacqueline Toth (Unit 24); Mauro Contreras (Unit B1); Silvia Yisley (Unit B2); Eric Lyman (Unit B3)

| Property Number | Property Address | Property Description | Tenant (s) |
|---|---|---|---|
| 12 | 4600 Hillside Road, SE Washington, DC 20019 | 4 Units: 1 Bedroom, 1 Bath each | Destiny Shepherd<br>Vuido Tinsley<br>Bernisha Moore<br>Lisa Brinkley<br>Latisa Parker |
| 13 | 1404 Tuckerman St., NW, #B-2 Washington, DC 20011 | 1 Bedroom, 1 Bath | Sheneil Christian |
| 14 | 611 18th St., NE Washington, DC 20002 | 2 Bedrooms, 1 Bath | Vernell Johnson |
| 15 | 10606 Frank Tippett Road Cheltenham, (Prince George's County) MD 20623 | 4 Bedrooms, 3 Baths | Mike Williams |
| 16 | 1239 Savannah Place, SE Washington, DC 20032 | 4 Bedrooms, 1.5 Baths | Rita Williams<br>Nicole Williams<br>Elizabeth Barfield |
| 17 | 1329 Staples Street, NE Washington, DC 20002 | 3 Bedrooms, 2 Baths | Sharon D. Vest |
| 18 | 1488 Morris Road, SE Washington, DC 20020 | 3 Bedrooms, 1 Bath | N/A |
| 19 | 1656 40th Street, SE Washington, DC 20020 | 3 Bedrooms, 1 Bath | Laterrica Goodwin |
| 20 | 1803 Fawn Way Finksburg, (Carroll County) MD 21048 | 4 Bedrooms, 3 Baths | Deborah Novakowski<br>Lawrence Novakowski |
| 21 | 2228 16th Street, NE Washington, DC 20018 | 3 Bedrooms, 1 Bath | Martina L. Johnson |
| 22 | 2926-2928 K St., SE Washington, DC 20019 (Units 1-6) | Units 1-6 | William Carpenter (Unit 1)<br>Yolanda Smith (Unit 2)<br>Kelly Natasha Taylor (Unit 3)<br>Nicholas Jackson/Jack Binder (Unit 1)<br>Stefon Alexander (Unit 2)<br>Ikea Green (Unit 3) |
| 23 | 3319 18th Place, SE Washington, DC 20020 | 2 Bedrooms, 1 Bath | Chrischanne D. McPhatter<br>Linda D. Johnson Butler |
| 24 | 3351 Clay Place, NE Washington, DC 20019 | 2 Bedrooms, 1 Bath | Sylvia Spears |
| 25 | 3453 23rd Street, SE Washington, DC 20020 | 2 Bedrooms, 1.5 Baths | Rozetia Morris |

| Property Number | Property Address | Property Description | Tenant (s) |
|---|---|---|---|
| 26 | 3473 23rd Street, SE Washington, DC 20020 | 3 Bedrooms, 1 Bath | Chanel Johnson |
| 27 | 3507 Duke Street College Park, (Prince George's County) MD 20740 | 5 Bedrooms, 4 Baths | Milan Zhang Zhibin He Ze Yuan Yihan Zhao Ke Chen |
| 28 | 5127 New Hampshire Ave. NW Washington, DC 20011 | 3 Bedrooms, 2 Baths | N/A |
| 29 | 5813 4th Street, NW Washington, DC 20011 | 4 Bedrooms, 2 Baths | Dominick Lewis William Clayton, III William Harris Devin Merritt |
| 30 | 610 Bennington Drive Silver Spring, (Montgomery County) MD 20910 | 4 Bedrooms, 2.5 Baths | Rachael Gross Douglas Taphouse |
| 31 | 712 Bonini Road, SE Washington, DC 20032 | 3 Bedrooms, 1.5 Baths | Kimberly Better |
| 32 | 8334 Scotts Level Road Baltimore, (Baltimore County) MD 21208 | 3 + Bedrooms, 3 Bath | Shirley C. Gordon |
| 33 | 91 Elmira Street, SW Washington, DC 20032 | 3 Bedrooms, 1 Bath | La'chonne Leach |

**APPENDIX B**

| Property Number | Property Address | Record Owner | Potential Lienholder(s) |
|---|---|---|---|
| 1 | 17111 Clear Creek Drive Silver Spring, (Montgomery County) MD 20905 | Vincent Abell & Marta Bertola as T/E | Deutsche Bank National Trust Company; Wells Fargo Bank, N.A. |
| 2 | 2103 Suitland Terrace, SE, #201 Washington, DC  20020 | 2103 Suitland Terrace L.L.C. | David A. Shames |
| 3 | 277 Newcomb St., SE Washington, DC  20032 | 277 Newcomb St., L.L.C. | Branch Banking and Trust Company |
| 4 | 3000 7th St., NE, #121 Washington, DC  20017 | 1828 18th Street LLC | Barbara Abrams Revocable Trust |
| 5 | 3514 13th St., NW Washington DC  20010 | 3514 13th Street, LLC | RREF ST-DC TOS, LLC; SunTrust Bank; LSCG Fund 29, LLC |
| 6 | 3750 Bel Pre Road, #8 Aspen Hill, (Montgomery County) MD  20906 | 3750 Bel Pre Road Builders LLC | David A. Shames; Fairways Condominium Association |
| 7 | 5118 Hanna Place, SE Washington, DC  20019 | 5118 Hanna , LLC | Barbara Abrams Revocable Trust; LSCG Fund 29, LLC |
| 8 | 6014 Prince George St. Gwynn Oak, (Baltimore County) MD  21207 | 6014 Prince George Street LLC | Chase Home Finance LLC; Brigadoon Homeowners Association, Inc. |
| 9 | 1605 D Street, SE Washington, DC 20003 | Marta Bertola | First Union National Bank of Maryland; Wachovia Mortgage Corporation; Branch Banking and Trust Company; and LSCG Fund 29, LLC |
| 10 | 3122 10th Street, NE Washington, DC 20017 | Marta Bertola | Deutsche Bank Trust Company Americas; David H. Cox and Christine K. Gregory-Cox; LSCG Fund 29, LLC; and Branch Banking and Trust Company |
| 11 | 912 Barnaby Street, Unit 101 Washington DC, 20032 (910-916 Barnaby Street, SE Washington DC, 20032 P-36) | Marta Bertola | Barbara Abrams Revocable Trust; LSCG Fund 29, LLC; and Branch Banking and Trust Company |
| 12 | 4600 Hillside Road, SE Washington, DC 20019 | Marta Bertola | Federal National Mortgage Association; Branch Banking and Trust Company; and LSCG Fund 29, LLC |
| 13 | 1404 Tuckerman St., NW, #B-2 Washington, DC  20011 | Petworth Heights L.L.C. | None Currently Known |

| Property Number | Property Address | Record Owner | Potential Lienholder(s) |
|---|---|---|---|
| 14 | 611 18th St., NE Washington, DC 20002 | 4428 Perry Pl LLC | None Currently Known |
| 15 | 10606 Frank Tippett Road Cheltenham, (Prince George's County) MD 20623 | Frank Tippett Partnership | None Currently Known |
| 16 | 1239 Savannah Place, SE Washington, DC 20032 | 1428 Perry Place, LLC | Capital Bank, NA; LSCG Fund 29, LLC |
| 17 | 1329 Staples Street, NE Washington, DC 20002 | 1329 Staples St. LLC | Capital Bank, NA |
| 18 | 1488 Morris Road, SE Washington, DC 20020 | 1488 Morris Road LLC | Phyllis D. Day; United Auto Credit Corp.; Stephen Shames; and David A. Shames TTEE 401(k) #65962 |
| 19 | 1656 40th Street, SE Washington, DC 20020 | 1428 Perry Place, LLC | Capital Bank, NA; LSCG Fund 29, LLC |
| 20 | 1803 Fawn Way Finksburg, (Carroll County) MD 21048 | 610 3rd Street LLC | Wells Fargo Bank, NA |
| 21 | 2228 16th Street, NE Washington, DC 20018 | 1428 Perry Place, LLC | LSCG Fund 29, LLC; Branch Banking and Trust Company |
| 22 | 2926-2928 K St., SE Washington, DC 20019 (Units 1-6) | 2926 Partnership | LSCG Fund 29, LLC; Branch Banking and Trust Company |
| 23 | 3319 18th Place, SE Washington, DC 20020 | 3319 18th Place LLC | Access National Bank |
| 24 | 3351 Clay Place, NE Washington, DC 20019 | 219 Atlantic Street LLC | Norwest Financial Leasing, Inc.; Washington Mutual Bank, F.A. |
| 25 | 3453 23rd Street, SE Washington, DC 20020 | 1428 Perry Place, LLC | Commonwealth Mortgage Corporation of America; Access National Bank; and LSCG Fund 29, LLC |
| 26 | 3473 23rd Street, SE Washington, DC 20020 | 3473 23rd Street LLC | SequoiaBank |
| 27 | 3507 Duke Street College Park, (Prince George's County) MD 20740 | 532 Lebaum St LLC | Capital Bank, NA |
| 28 | 5127 New Hampshire Ave. NW Washington, DC 20011 | Vincent Abell, as Managing Partner for Bay Creek Landing | The Bank of New York Mellon Trust Company; LSCG Fund 29, LLC |

| Property Number | Property Address | Record Owner | Potential Lienholder(s) |
|---|---|---|---|
| 29 | 5813 4th Street, NW Washington, DC 20011 | 1800 Fort Davis LLC | Deutsche Bank National Trust Company |
| 30 | 610 Bennington Drive Silver Spring, (Montgomery County) MD 20910 | Vincent L. Abell (as Custodian for Alexandra Marie Abell under the Maryland Uniform Transfers to Minors Act) | Deutsche Bank National Trust Company |
| 31 | 712 Bonini Road, SE Washington, DC 20032 | 1428 Perry Place, LLC | LSCG Fund 29, LLC |
| 32 | 8334 Scotts Level Road Baltimore, (Baltimore County) MD 21208 | 532 Lebaum St., LLC | Bank of America |
| 33 | 91 Elmira Street, SW Washington, DC 20032 | 91 Elmira St. LLC | Capital Bank, NA |